392 So.2d 182 (1980)
Thomas H. B. RANKIN, Jr., Jane W. Rankin and Alex W. Rankin, Plaintiffs-Appellees,
v.
Rosie GARLAND (a/k/a Rosa Garland, & a/k/a Mrs. R. T. Garland), Defendant-Appellant.
No. 14365.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
*183 North Louisiana Legal Assistance Corp. by Louis G. Scott, Bastrop, for defendant-appellant.
Rankin, Yeldell, Herring & Katz by Stephen J. Katz, Bastrop, for plaintiffs-appellees.
Before PRICE, HALL and MARVIN, JJ.
MARVIN, Judge.
Defendant, Mrs. Garland, appeals a judgment evicting her from a residence on a town lot in the rural community of Mer Rouge where she had lived since 1939. CCP 4701-4735. Her several contentions stem from her claim of ownership of the property by 30 years acquisitive prescription. CC Arts. 3499, 3500.
The CCP articles on eviction were designed to give an owner of immovable property (CCP 4702) summary means to evict an occupant without fulfilling the burden and delay required in a petitory action. CCP 4702. See Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir. 1980); Todt v. Santani, 167 So.2d 475 (La.App. 4th Cir. 1964). CCP 4705 expressly states that the eviction procedure shall not be construed to conflict with the articles relating to actions to determine ownership or possession (CCP 3651-3664).
The crucial threshold question is whether Mrs. Garland is an occupant within the meaning of CCP 4704:
"`Occupant' includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner;"
The record supports the trial court's conclusion that Mrs. Garland was an occupant who was subject to eviction. The Garlands were shown to have occupied the property by permission of plaintiffs' ancestors. We affirm.
Plaintiffs' ancestor inherited the property from his ancestor in 1932. Plaintiffs' ancestor died in 1974 and plaintiffs were placed in possession of the property. By testimony, judgments of possession, plats, and tax receipts, plaintiffs established a prima facie case of continuously owning the property since before Mrs. Garland and her late husband moved into the residence in 1939. Mrs. Garland and her husband did not pay taxes on the property or attempt to have the property assessed or titled in their names.
The Garlands moved into the residence when Mr. Garland went to work for plaintiffs' ancestor. Plaintiffs' ancestor regularly furnished housing for his employees. Mr. Garland was considered a faithful employee of the plaintiff family and was allowed to remain in the residence after he completed about 30 years of employment and became unable to work. Mrs. Garland was allowed to remain in the residence for about a year after her husband died in 1978. When plaintiffs began to request some form of rent or lease from Mrs. Garland, she began to assert claims of ownership and this suit followed.
Defendant responded to plaintiffs' rule to evict by filing the dilatory exception of improper use of summary proceedings. She then answered and urged other exceptions such as no cause of action. These exceptions were tried with the merits of the rule to evict. Since we affirm on the merits, we need not discuss the exceptions or their possible waiver.
Once plaintiffs established that they were the apparent owners of the property, that Mrs. Garland occupied the property with the permission of a former owner or a former occupant (Mr. Garland), that the purpose of occupancy had ceased, and that requisite notices had been given, plaintiffs were entitled to invoke the summary eviction procedure. CCP 4702.
At appellant's cost, the judgment of eviction is
AFFIRMED.