465 So.2d 227 (1985)
Irving WARD-STEINMAN, Plaintiff-Appellee,
v.
C. Edward KARST, Defendant-Appellant.
No. 84-147.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*228 C. Edward Karst, Alexandria, in pro per.
David A. Sheffield, Alexandria, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
C. Edward Karst appeals an eviction from his law office ordered by the City Court of Alexandria in a summary proceeding brought by his lessor, Irving Ward-Steinman. He makes two assignments of error: (1) that the court did not have jurisdiction of the case, and (2) that the court erred in finding him a tenant under a verbal lease, rather than an occupant. We affirm.
After giving notice to vacate in compliance with La.C.C.P. art. 4701, Ward-Steinman, alleging that he was the owner-lessor of premises designated 1130 Ninth Street, Alexandria, Louisiana, filed a rule to evict Karst from the premises, claiming that Karst had occupied the property for eight years under a verbal lease calling for rent of $300.00 a month, and that Karst had never paid any rent.
To this rule Karst filed a declinatory exception challenging the subject matter jurisdiction of the city court. He also answered the rule, denying a lease, admitting his occupancy, and admitting that he had not paid any rent. He also raised the defense that he was the owner of the property, or that, alternatively, he at least owned the real rights of usufruct, habitation and right of use in the premises.
The trial of the declinatory exception of jurisdiction and the merits of the rule were all heard on the return date, the trial court overruling the exception and finding for plaintiff, ordering Karst to vacate.
The ruling on the declaratory exception, the first assignment of error, was based on a finding of fact that there was an oral lease calling for a payment of $300.00 per month. If that finding of fact was correct (which we will discuss under the second assignment of error), then the trial court's overruling of this exception was correct.
The subject matter jurisdiction of a city court in eviction proceedings is provided by C.C.P. art. 4845, which reads in pertinent part:
"A. A parish court or city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession of leased premises within its territorial jurisdiction, as follows:
* * * * * *
"(3) Where the lease is by the month and the monthly rental is one thousand five hundred dollars or less.
* * * * * *
"D. In computing the jurisdictional amount for purposes of eviction suits, the daily, weekly, monthly, annual, or other rental provided by the lease, exclusive of interest, penalties, or attorney fees, shall determine the amount in dispute."
*229 In the light of this statutory formula for computing the jurisdictional amount for eviction suits, the trial judge was correct in maintaining the city court jurisdiction, and Karst's argument that the amount of his past due rent (which he calculated was $27,600) removed the case from the jurisdiction of the city court, is without merit.
Defendant's second assignment of error was that the court erred in finding him a tenant under a verbal lease. The evidence on this issue was brief, and consisted mainly of the testimony of the two parties. Ward-Steinman until recently was Karst's father-in-law. Both parties were attorneys. Ward-Steinman testified that he bought the property in 1976, renovated it for a law office, and agreed with his son-in-law Karst that he could use part of it for his office at a negotiated rent of $300 a month. He said Karst never paid any rent, but he kept promising he would catch up when he got a big case. After the divorce between his daughter and Karst, Ward-Steinman's efforts to collect the rent became more intense, culminating in this eviction.
Karst, on the other hand, while admitting he had been occupying the premises, denied a lease agreement, testifying instead that, in exchange for the labor he contributed to the renovation of the building, it was his understanding he was to get some ownership interest in the premises, or at least some personal servitude that would protect his right of occupancy. Ward-Steinman denied, first, that Karst had contributed any meaningful labor to the renovation of the building, and second, that there had been any agreement regarding the property other than a verbal contract of lease for the monthly rent of $300. The trial judge accepted Ward-Steinman's version as to all disputed facts.
As a reviewing court, we must give great weight to factual conclusions of the trier of fact, and where there is conflict in the testimony reasonable evaluations of credibility and reasonable inferences of fact are not to be disturbed. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). We find no manifest error in the trial court's findings of fact. Plaintiff proved (1) a lease, (2) grounds for the eviction, and (3) that written notice to vacate had been delivered to the tenant, in accordance with the requirements for eviction contained in La.C.C.P. art. 4701. The judgment appealed from is affirmed, appellant to pay costs of this appeal.
AFFIRMED.