477 So.2d 120 (1985)
Frank J. ARNONA, Sr.
v.
Lorraine Terrel ARNONA.
No. CA 3508.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1985.
Rehearing Denied October 30, 1985.
Writ Denied December 13, 1985.
*121 Adelaide Baudier, Metairie, for plaintiff-appellee.
Martin A. Welp, New Orleans, for defendant-appellant.
Before SCHOTT, GARRISON and WARD, JJ.
GARRISON, Judge.
This is an appeal from a judgment of the Second City Court, City of New Orleans dated January 23,1985 rendered in favor of plaintiff Frank J. Arnona, Sr. and against defendant Lorraine Terrell Arnona, ordering her to vacate the premises at 1334 Pace Blvd. in New Orleans within 24 hours. From that judgment, defendant has suspensively appealed. Plaintiff has answered arguing that the appeal is frivolous, that it was taken solely for delay, and that he should be awarded attorney's fees and costs.
In her brief, defendant states the following facts:
"Lorraine Terrell and Francis J. Arnona, Sr., were married on October 1, 1955. Twenty-five years later, a legal separation was granted based on mutual fault. Subsequently, Mr. Arnona filed a Petition for a Partition in the Civil District Court for the Parish of Orleans under Proceeding No. 79-12554. The said partition is not yet completed. However, after a hearing, the District Court rendered a judgment that fixes the value of the community assets and the community liabilities. The judgment also decreed that the resident at 1334 Pace Boulevard, New Orleans, Louisiana, is the separate property of Francis J. Arnona, Sr. Francis J. Arnona, Sr., then filed a Rule for Possession of the Premises in the Second City Court for the City of New Orleans."
Apparently a hearing was held on a "rule" docket, but no argument was recorded or transcribed and no testimony was offered. Accordingly, there is no transcript. The trial court judge provided a narrative stating:
"No testimony was taken at trial of the rule and it was stipulated that the residence in question was the separate property of the Mover in Rule.
After hearing arguments of counsel the Court rendered Judgment making the rule absolute."
On appeal, defendant argues that the judgment rendered is an absolute nullity and that the trial court erred when it made the rule absolute without proof of jurisdiction being entered into the record.
C.C.P. Art. 4841 provides as follows:
"A. The subject matter jurisdiction of parish courts, city courts, and justice of the peace courts is limited by the amount in dispute and by the nature of the proceeding, as provided in this Chapter." (emphasis added).
C.C.P. Art. 4845(A)(5) provides:
"A. A parish court or city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession of leased premises within its territorial jurisdiction, as follows:
* * * * * *
"(5) Where the suit is to evict an occupant as defined by Article 4704, if the annual value of the right of occupancy does not exceed the amount in dispute to which the jurisdiction of the court is limited by Articles 4842 and 4843."
C.C.P. Art. 4843 provides:
"The civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed five thousand dollars."
Thus the subject matter jurisdiction of Second City Court is limited by an annual value of the right of occupancy not exceeding $5,000.00.
There is neither evidence nor an allegation in the record indicating what the value *122 of Mr. Arnona's right of occupancy might be.
C.C.P. Art. 4 provides as follows:
"When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff." (emphasis added).
Thus the burden rests upon plaintiff to allege and show the value of the right. Plaintiff in the instant case failed to meet that burden.
C.C.P. Art. 2 defines subject matter or "jurisdiction ratione materiae" as follows:
"Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted."
Unlike "jurisdiction ratione personae" or jurisdiction over the person, subject matter jurisdiction cannot be waived either by a general appearance under C.C.P. Art. 7 or by failure to object by declinatory exception under C.C.P. Art. 925. Lastly, C.C.P. Art. 3 provides as follows:
"The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void."
Accordingly, Second City Court was without subject matter jurisdiction over this proceeding and the judgment rendered is an absolute nullity. For the reasons discussed, the judgment of the Second City Court is vacated, annulled and set aside.
VACATED, ANNULLED AND SET ASIDE.

ON REHEARING
WARD, Judge.
Plaintiff Frank J. Arnona seeks a rehearing because defendant Lorraine Terrell Arnona did not furnish a narrative of the facts prior to the lodging of the record in the appellate court as required by La.C. C.P. art. 2131. Mr. Arnona argues that because the record contains neither a transcript of the testimony during the eviction hearing nor a timely filed narrative of facts, the judgment of Second City Court in his favor is presumed to be supported by sufficient evidence and correct. This argument is without merit because 1) the record, even without a transcript, was sufficient to review the sole issue presented by this appeal, that is, the subject matter jurisdiction of the Second City Court and 2) the failure of Mrs. Arnona to file timely a narrative of facts was irrelevant to our review.
The presumption that a plaintiff has produced sufficient evidence and that a correct judgment was rendered by a court of competent jurisdiction does not attach where the record upon which the judgment is based indicates otherwise. Ascension Builders, Inc. v. Jumonville, 263 So.2d 875 (La.1972).
City courts are courts of record and every fact necessary to give the court jurisdiction must appear in the record. State ex rel. Clayton v. Jones, 192 La. 671, 188 So. 737 (1939). A notice to vacate, a rule for possession and a hearing in "a court of competent jurisdiction" are prerequisites to an owner's use of a summary eviction procedure. La.C.C.P. art. 4731. The amount in controversy as the basis of subject matter jurisdiction in such a proceeding is determined by the rent paid for premises. Tete v. Hardes, 283 So.2d 252 (La.1973).
The instant record contains a pre-printed form "Rule for Possession of Premises" which provides several spaces for the amount of rent due under the lease. Although this form was prepared for and filed by Mr. Arnona, all of the spaces for the amount of rent were left blank. Nor does the amount of rent paid appear in the notice to vacate. The absence of the amount of rent paid from the rule for possession *123 and notice to vacate, the only pleadings an owner is required to file for an eviction proceeding, prove that subject matter jurisdiction of the Second City Court was never established by Mr. Arnona.
Mr. Arnona's reliance on Longo v. Longo, 474 So.2d 500 (La.App. 4th Cir.1985) in his supplemental memorandum is misplaced. That case dealt with the use of a family home under La.R.S. 9:308, whereas the instant case involves lack of subject matter jurisdiction by the Second City Court which precludes a decision on the substantive issue of Mrs. Arnona's right to possess Mr. Arnona's separate property.
For the above reasons, we properly vacated the judgment of the Second City Court for lack of subject matter jurisdiction and accordingly deny Mr. Arnona's application for rehearing.