496 So.2d 1084 (1986)
Sidney MILLER and Grace Borne
v.
Allen BORNE.
No. CA-5556.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*1085 Maury A. Herman, Donald H. Grodsky, Herman, Herman, Katz & Cotler, New Orleans, for plaintiffs-appellees.
A.D. Freeman, Satterlee, Mestayer & Freeman, New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and WILLIAMS, JJ.
BARRY, Judge.
Allen H. Borne suspensively appeals his eviction from an office in a building claiming he is a co-owner. The action was brought by his ex-wife and her partners who are the record owners.
On January 25, 1984 Mrs. Grace Borne and Mr. and Mrs. Sidney Miller purchased an abandoned funeral home at 7611 Maple Street. The Act of Sale, witnessed by Allen Borne, declares:
1. GRACE JONES, legally separated wife of ALLEN H. BORNE, of legal age and a resident of the Parish of Jefferson, who declared under oath to me, Notary, that she has been married only once, and then to the said ALLEN H. BORNE, from whom she was legally separated on August 26, 1980, in Proceeding No. 223-458 of the 24th J.D.C. for the Parish of Jefferson and that the community of acquets and gains previously existing between them has not been recreated by contract or otherwise;
Mr. Borne allegedly constructed an office in the building, supervised the renovation of the premises and negotiated leases for several units. He presently occupies the office without a lease and pays no rent.
The Bornes were divorced in April, 1985 and on October 30, 1985 Mr. Borne filed suit seeking to be declared a one-fourth undivided owner of the property and requested an order to enjoin the record owners from interfering with his co-ownership or from evicting him. Mrs. Borne responded with a Motion for Summary Judgment on the basis that Mr. Borne was not an owner in the title. Summary judgment was granted on January 31, 1986 and Mr. Borne's suspensive appeal is presently pending (CA-5451).
On March 12, 1986 Mrs. Borne and the Millers served Mr. Borne with a notice to vacate in compliance with La.C.C.P. Art. 4702. On April 1, 1986 they filed a Rule for Possession contending Mr. Borne does not "possess under color of title nor under a lease (written or unwritten)." An order to vacate was granted on April 10, 1986 which is the subject of this suspensive appeal.
Mr. Borne contends the First City Court of Orleans lacked jurisdiction to try the eviction rule. He argues that a city court cannot determine title to immovable property, C.C.P. Art. 4848(1) and the value of his interest in the building exceeds the $5,000 *1086 jurisdictional limit of the First City Court. C.C.P. Art. 4843(B).
It is true that an eviction proceeding is not a proper or appropriate place to determine title where the defendant has a semblance of title. C.C.P. Art. 4848(1); Tartan Transport and Construction Ltd. v. McDonald, 436 So.2d 1270 (La.App. 1st Cir.1983); writ denied, 442 So.2d 446 (La. 1983). However, Mr. Borne failed to present any evidence of his alleged ownership.
Eviction is a proper remedy for use by an owner of immovable property who wishes to evict the occupant after the purpose of the occupancy has ceased. Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir. 1981); writ denied, 409 So.2d 615 (La.1981).
The CCP articles on eviction were designed to give an owner of immovable property (CCP 4702) summary means to evict an occupant without fulfilling the burden of delay required in a petitory action. CCP 4702. See Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir. 1980); Todt v. Santani, 167 So.2d 475 (La.App. 4th Cir.1964). CCP 4705 expressly states that the eviction procedure shall not be construed to conflict with the articles relating to actions to determine ownership or possession. (CCP 3651-3664).
Rankin v. Garland, 392 So.2d 182 (La. App. 2d Cir.1980).
Mrs. Borne and the Millers presented prima facie evidence that they are the owners of the property, that Mr. Borne possessed as an occupant,[1] and that written notice to vacate was given. They were entitled to a summary eviction within the jurisdiction of city court, notwithstanding Mr. Borne's claim that he is a one-fourth owner and that ownership deprived that court of jurisdiction. Ward-Steinman v. Karst, 465 So.2d 227 (La.App. 3d Cir.1985).
Mr. Borne's effort to put ownership at issue and defeat jurisdiction was properly rejected. Ward-Steinman v. Karst, 465 So.2d 225 (La.App. 3d Cir.1985).
Mr. Borne argues his interest in the building greatly exceeds the jurisdictional limit of the First City Court.
The First City Court of Orleans has jurisdiction where the amount in dispute does not exceed $5,000, C.C.P. Art. 4843(B), or jurisdiction is based on the value of the lease, C.C.P. Art. 4845. Jurisdiction in an eviction proceeding is determined by the rent paid for the premises. Arnona v. Arnona, 477 So.2d 120 (La.App. 4th Cir. 1985); writ denied, 479 So.2d 367 (La.1985).
Mr. Borne failed to produce any evidence of the value of his occupancy. He has no lease and has paid no rent; therefore, the amount in controversy is zero. City Court had jurisdiction.
The judgment of eviction is affirmed.
AFFIRMED.
SCHOTT, Judge, dissenting.
I am unable to reconcile the majority opinion with Arnona v. Arnona, 477 So.2d 120 (La.App. 4th Cir.1985); writ denied, 479 So.2d 367 (La.1985).
The present case, like the cited case, involves the eviction of an occupant as defined by C.C.P. art. 4704. A City Court has jurisdiction when the suit is to evict an art. 4704 occupant if the annual value of the right to occupancy does not exceed $5,000.00. Arts. 4845 A(5), 4843. The burden is upon the plaintiff in such a suit to show that the value of the right to occupancy is within this jurisdictional amount. Arnona v. Arnona, supra. Thus, it was not encumbent upon appellant to prove the value of his occupancy.
In Arnona this court noticed the trial court's lack of jurisdiction even though the exception to the jurisdiction was not raised in the trial court. In the instant case appellant filed an exception challenging the *1087 trial court's jurisdiction over the subject matter.
Plaintiffs' failure to prove the value of appellant's occupancy is fatal to their case under Arnona. The judgment appealed from should be vacated.
NOTES
[1] C.C.P. Art. 4704 in pertinent part provides:

"Occupant" includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner ...