I JOAN BERNARD ARMSTRONG, Chief Judge.
Defendants-appellants, Nathaniel Dowl, Jr. and Barbara S. Dowl (hereinafter “appellants”), appearing in proper person, appeal the trial court’s granting of a rule for eviction in favor of plaintiff-appellee, Robinson Ventures, L.L.C. (hereinafter “appel-lee”). For the reasons assigned below, we affirm.
The appellants claim to have purchased the property located at 8633 Zimple Street in New Orleans in 1992. The property was subsequently declared abandoned and blighted by the City of New Orleans pursuant to La. R.S. 33:4720.11 et seq. On July 6, 2004, the City of New Orleans sold the property to the appellee for the appraised value of $13,500.00.
The record shows that on July 10, 2004, the Constable of the First City Court of New Orleans served the appellants with a five-day notice to vacate the premises. On July 20, the appellee filed a rule for possession of premises in the First City Court for the City of New Orleans. The trial court heard the matter on July 28, 2004, and granted the rule to evict.[1] The appellants, representing themselves before the trial court, announced their intention to file a suspensive ^appeal. Because the appellants continued to live on the premises, the trial judge instructed the appellants *589 to put up a $300.00 monthly cash bond into the registry of the court in order to proceed with the appeal. The record reflects that the appeal and the first bond payment were timely filed the following day in accordance with La. C.C.P. 4735.
On October 12, 2004, the appellee filed a motion to dismiss the appeal as abandoned for failure to pay costs. The trial court heard the matter on November 5, 2004, and November 10, 2004. Judgment was rendered on December 7, 2004, denying the appellee’s motion to dismiss the appeal and granting the appellee the right to withdraw the monthly bond payments posted by the appellants.[2]
At the outset, we note that the appellants have moved to strike their third assignment of error. It concerned the judgment of December 7, 2004, which is not before the court on this appeal.
The appellants’ second assignment of error complains of the granting of the plaintiff-appellee’s request to withdraw funds from the registry of the trial court, a matter that is the subject of the December 7, 2004 judgment that is not before this Court. The July 28, 2004 judgment that is before this Court did not grant the appel-lee the authority to withdraw funds from the registry of the court. Accordingly, we will not address the argument raised in the appellants’ second assignment of error.
Therefore, the only issue before us on appeal is whether the trial court erred in granting the eviction. The appellants’ challenge to the eviction is based on the fact that they continue to claim ownership of the property. In connection with that | sclaim, on July 14, 2004, the appellants filed a petition to annul the sale of the property from the City of New Orleans to the appellee in the Civil District Court for the Parish of Orleans. It appears from the record before us that the action to annul is still pending, however, the status of that matter is unclear. We note that the appellants have not challenged the jurisdiction of the First City Court to rule on the eviction based on ■ the pending title dispute in the Civil District Court. Rather, the appellants assert that the trial court improperly granted the eviction despite the appellants’ claims of ownership.
Louisiana’s statutory scheme for eviction (La. C.C.P. art. 4701, et seq.) was designed to give landowners the right to oust occupants without the burdensome expense and delay required by a petitory action. Miller v. Borne, 496 So.2d 1084 (La.App. 4 Cir.1986); Todt v. Santani, 167 So.2d 475 (La.App. 4 Cir.1964). A former owner is an “occupant.” La. C.C.P. art. 4704.
In Miller, an eviction proceeding was brought against an occupant of a building who claimed he was a co-owner. This court upheld the summary eviction where the plaintiffs presented a prima facie case that they were the owners of the property and that notice to vacate had been served on the occupants, notwithstanding the occupant’s claim that he was a one-fourth owner of the property. This Court held that the eviction was properly granted where the occupant failed to present any evidence of his alleged ownership. This Court further recognized in Miller that while it is true that an eviction proceeding is not a proper or appropriate place to determine title where the defendant has a semblance of title, eviction is proper where the defendant fails to present any evidence of his alleged ownership. Id. at 1086.
*590 |4In the present case, the July 6, 2004 Act of Sale of 8633 Zimple Street from the City of New Orleans to the appel-lee was submitted into evidence, thereby establishing that appellee was the owner of the property. The record also clearly reflects that the appellants were properly given a written notice to vacate as required by law. This evidence was unre-butted by the appellants. The only evidence presented by the appellants was the testimony of Barbara Dowl that she and her husband purchased the property in question by Act of Sale in 1992. A copy of the March 6, 1992 Act of Sale whereby the appellants acquired the title to the property in 1992 is annexed to their appellate brief, but our review of the transcript of the July 28, 2004 hearing does not show that it was ever produced in court or entered into evidence. Therefore, it may not be considered by this Court. However, the appellees do not specifically dispute Ms. Dowl’s testimony to the effect that she and her husband purchased the property in 1992. In any event, the 1992 purchase by the appellants would have been super-ceded in the chain of title by the aforementioned July 6, 2004 Act of Sale to the appellee.
The appellants argue, in effect, that there are due process deficiencies on the face of the documents resulting in the appellees’ acquisition of title to the property. Annexed to their brief is a notice to them from the City dated April 1, 2004, telling them that the sale will not take place any sooner than sixty days from the date of the notice. The appellants argue that this is contrary to La. R.S. art. 33:4720.17 which requires 120 days notice. La. R.S. art. 33:4720.17 requires only sixty days notice, and the sale complained of took place over sixty days after April 1, 2004. In any event, the April 1, 2004 notice annexed to the appellants brief was not offered into evidence at the eviction hearing of-July 28, 2004 and, therefore, it may not be considered' by this Court.
| ¡¿Based on the foregoing findings, pursuant to our ruling in Miller, we find no error in the judgment of the trial court granting the eviction.
Therefore, we affirm the judgment of the trial court.
AFFIRMED.

. The judgment is dated July 27, 2004. However, it is evident from the transcript that the hearing took place on July 28, 2004, and that judgment was rendered from the bench. We must, therefore, assume that the correct date of the judgment is July 28, 2004.- Accordingly, there is no question that this suspensive appeal was timely filed pursuant to La. C.C.P. art. 4735. Furthermore, the parties do not dispute the July 28, 2004 date.

. The appellants objected to the December 7, 2004 judgment in a writ application to this Court. (2004-C-2201). The writ was denied on March l, 2005 due to the appellant's failure to pay filing fees.