952 So.2d 738 (2007)
Nathaniel DOWL, et al.
v.
ROBINSON VENTURES, LLC, et al.
No. 2006-CA-0704.
Court of Appeal of Louisiana, Fourth Circuit.
January 24, 2007.
Nathaniel Dowl, Jr., Barbara Dowl, New Orleans, LA, Plaintiffs/Appellants in Proper Persons.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY).
KIRBY, Judge.
Plaintiffs, Nathaniel and Barbara Dowl, appeal the dismissal of their Rule for Possession of Premises.
On March 30, 2006, plaintiffs filed a Rule for Possession of Premises in the First City Court of the City of New Orleans against Robinson Ventures, L.L.C., the defendant.
Prior to this there had been litigation between these parties. In the Judgment dismissing the plaintiffs' Rule, the trial court alluded to the prior litigation, Robinson Ventures, L.L.C., V. Nathaniel and Barbara Dowl, 2004-2149 (La. 4 Cir. 4/20/05), 901 So.2d 587, writ denied, XXXX-XXXX (La.1/27/06), 922 So.2d 548; reconsideration denied, XXXX-XXXX (La.3/17/06), 925 So.2d 525 and applied the doctrine of res judicata. We note that defendant did not make an appearance in this case nor except to the petition on the basis of res judicata but the trial court supplied this as his rationale for the dismissal.
*739 La.Code of Civil Procedure article 927, entitled objections raised by peremptory exception, states in pertinent part:
B. The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of a party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion. [Emphasis added.]
Because the trial court supplied the objection of res judicata in the case sub judice, we find clear legal error. The Judgment of Dismissal is reversed and the case is remanded for further proceedings in accord with this opinion.
REVERSED AND REMANDED.