953 So.2d 81 (2007)
Nathaniel DOWL
v.
Richard ARIAS.
No. 2006-CA-0874.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2007.
Rehearing Denied March 15, 2007.
*82 Nathaniel Dowl, In Proper Person.
Richard A. Arias, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE).
TERRI F. LOVE, Judge.
Nathaniel Dowl (hereinafter "appellant" or "Mr. Dowl"), appeals the trial court's dismissal of claims against Richard Arias (hereinafter "appellee" or "Mr. Arias"). We find that the trial court properly dismissed claims against the appellee. Mr. Dowl failed to substantiate claims that he was the owner and/or agent of the property, while Mr. Arias established his ownership of the property. We therefore affirm the decision of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
Mr. Dowl created and recorded a lien on the property located at 8631 Zimple Street, New Orleans, Louisiana, claiming that he did certain things with regard to the property-mowed the grass, performed some maintenance and boarded it up. Thereafter, the appellant transferred this lien via quit-claim to Ms. Barbara Dowl (hereinafter "Ms. Dowl"). He later filed to evict Richard Arias from 8631 Zimpel Street, claiming that he was the agent for Harold Niemann, the Succession of Elizabeth Niemann and Ms. Dowl. The trial court denied the eviction, dismissed claims against Mr. Arias, and ordered that all liens and inscriptions on the property be cancelled. This appeal follows.

STANDARD OF REVIEW
The standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the factfinder, and (2) the appellate court must further determine the record establishes the finding is not manifestly erroneous (clearly wrong). Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Factual findings should not be reversed on appeal absent manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). If the trial court's or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La. 1990).

ASSIGNMENT OF ERROR AS TO EVICTION
The appellant asserts that the trial court improperly denied the eviction of the appellee. However, while the appellant claims to have ownership through a lien privilege, which he equates to an act of sale, he has failed to substantiate his claim of an ownership interest in the subject property. We find that the trial court correctly denied the eviction of Mr. Arias, who established ownership of the subject property.
Eviction is a proper remedy for use by an owner of immovable property who wishes to evict the occupant after the purpose of the occupancy has ceased. Champagne v. Broussard, 401 So.2d 1060, 1064 (La.App. 3d Cir.1981). When an owner of immovable property wishes to evict the occupant, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to *83 vacate the property to be delivered to the occupant. La. C.C.P. art. 4702. In Miller v. Borne, an eviction proceeding was brought against an occupant of a building who claimed he was a co-owner. 496 So.2d 1084, 1084 (La.App. 4th Cir.1986). This Court upheld the summary eviction where the plaintiffs presented a prima facie case that they were the owners of the property and that notice to vacate had been served on the occupants, notwithstanding the occupant's claim that he was a one-fourth owner of the property. Id.
In Miller, this Court held that the eviction was properly granted where the occupant failed to present any evidence of his alleged ownership. 496 So.2d at 1086. This Court further recognized that while it is true that an eviction proceeding is not a proper or appropriate place to determine title where the defendant has a semblance of title, eviction is proper where the defendant fails to present any evidence of his alleged ownership. Id.
In the instant case, Mr. Arias established ownership of the subject property, and presented evidence and testimony of the former owners, who transferred ownership to him. The appellant, however, failed to substantiate claims that he was the agent of Elizabeth Niemann or that he had an ownership interest in the property.
The former owner of the property and the brother of Elizabeth Niemann, Harold Niemann, testified that he inherited the property located at 8631 Zimple Street along with his siblings and permitted his niece to sell it to Mr. Arias. Jeanine Bernard, Harold Niemann's niece and the administratrix of the estate of Elizabeth Niemann, also testified that she was the agent for all family members and that she sold the property to Mr. Arias. Ms. Bernard also testified that to her knowledge, no one in the family ever authorized Mr. Dowl to cut the grass at 8631 Zimple Street. Ms. Bernard stated that a few weeks before testifying, she was approached by Mr. Dowl with an offer to purchase the property. Mr. Dowl told Ms. Bernard that he felt the option to purchase the property should have been offered to him since he had cut the grass and performed some maintenance of the property. She stated that she explained to Mr. Dowl that the property was already sold.

ASSIGNMENT OF ERROR AS TO LIEN AND QUIT CLAIM
The appellant argues that the trial court erred in dismissing his claim for eviction, finding that a lien is not an act of sale and that the quit claim is invalid. The appellant has failed to provide sufficient evidence to establish an ownership interest in the subject property. The appellant claims to have bought ownership through a lien privilege that he contends is an "act of sale" and quit claimed this to Ms. Barbara Dowl. However, the record does not establish that an act of sale or other transfer took place, giving Mr. Dowl an ownership interest in the subject property. We find the appellant's attempt to put ownership at issue was properly rejected and that the trial court's findings were correct.
Mr. Dowl failed to produce evidence of an ownership interest; he asserts grounds for his recorded lien as his cutting he grass and performing some maintenance of the property located at 8631 Zimple Street. Alternatively, the appellee, Mr. Arias, produced evidence in support of his ownership of the property.
Guided by the manifest error standard of review, we find a reasonable factual basis in the record for the trial court's decision to render a judgment in favor of the appellee and to cancel the inscription of liens and inscriptions on the property. *84 Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).

DECREE
Accordingly, we affirm the decision of the trial court.
AFFIRMED