| | | |
|---|---|---|
| ATOCHA ST. CHARLES, LLC | * | NO. 2019-CA-0817 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| ATOCHA PROPERTIES, LLC | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

| | |
|---|---|
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| ATOCHA ST. CHARLES, LLC | NO. 2019-CA-1004 |
| VERSUS | |
| ATOCHA PROPERTIES, LLC, ET AL. | |
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| ATOCHA ST. CHARLES, LLC | NO. 2019-CA-1005 |
| VERSUS | |
| ATOCHA PROPERTIES, LLC, ET AL. | |
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| ATOCHA ST. CHARLES, LLC | NO. 2019-CA-1006 |
| VERSUS | |
| ATOCHA PROPERTIES, LLC, ET AL. | |
| **CONSOLIDATED WITH:** | **CONSOLIDATED WITH:** |
| ATOCHA ST. CHARLES, LLC | NO. 2019-CA-1007 |
| VERSUS | |
| DAVID WEICK, ET AL. | |

**CONSOLIDATED WITH:**

ATOCHA ST. CHARLES, LLC

VERSUS

DAVID WEICK, ET AL.

**CONSOLIDATED WITH:**

ATOCHA ST. CHARLES, LLC

VERSUS

ATOCHA PROPERTIES, LLC

**CONSOLIDATED WITH:**

ATOCHA ST. CHARLES, LLC

VERSUS

ATOCHA PROPERTIES, LLC

**CONSOLIDATED WITH:**

ATOCHA ST. CHARLES, LLC

VERSUS

ATOCHA PROPERTIES, LLC

**CONSOLIDATED WITH:**

ATOCHA ST. CHARLES, LLC

VERSUS

ATOCHA PROPERTIES, LLC

**CONSOLIDATED WITH:**

NO. 2019-CA-1008

**CONSOLIDATED WITH:**

NO. 2019-CA-0818

**CONSOLIDATED WITH:**

NO. 2019-CA-0819

**CONSOLIDATED WITH:**

NO. 2019-CA-0820

**CONSOLIDATED WITH:**

NO. 2019-CA-0821

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-03194, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Rosemary Ledet)

Steven M. Hannan
Marcus L. Giusti
HANNAN, GIUSTI & HANNAN, L.L.P.
2201 Ridgelake Drive
1st Floor
Metairie, LA 70001

Camille E. Gauthier
Thomas M. Flanagan
FLANAGAN PARTNERS, LLP
201 St. Charles Avenue
Suite 2405
New Orleans, LA 70170


    COUNSEL FOR PLAINTIFF/APPELLEE/APPELLANT


Albert A. Thibodeaux
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112


    COUNSEL FOR DEFENDANT/APPELLANT/APPELLEE

**AFFIRMED, IN PART; REVERSED, IN PART
APRIL 22, 2020**

RLB
JCL
RML

This consolidated appeal stems from eviction proceedings filed by Plaintiff, Atocha St. Charles, L.L.C. (ASC), against Defendants, Atocha Properties, L.L.C. (Atocha Properties), David Weick, and Konstantin Smorodnikov. After a hearing, the trial court granted ASC's petition for eviction against Atocha Properties and denied the petition for eviction against Mr. Weick and Mr. Smorodnikov. For the following reasons, the trial court's judgment is affirmed, in part, as to granting the eviction of Atocha Properties, and reversed, in part, as to denying the evictions of Mr. Weick and Mr. Smorodnikov.

## FACTS

On August 6, 2018, ASC and Atocha Properties entered into a bond for deed contract for a five-unit apartment building located at 2236 St. Charles Avenue, 1549A, 1549B, 1553, and 1555 Philip Street, in New Orleans. Under the contract, Atocha Properties would acquire ownership of the building for the purchase price of $1,137,500.00, provided it made monthly payments of $11,375.00 for 24 months, with a 12% interest rate per annum on the unpaid balance. At the

1

expiration of the 24-month period, the full principal and remaining accrued interest would become due on September 1, 2020.

Shortly after the execution of the bond for deed contract, Atocha Properties made late payments in October and November of 2018, and failed to make the December payment. On December 12, 2018, ASC sent Atocha Properties a certified letter notifying it of the default in payment, indicating that if the amount due was not paid within 45 days the contract would be cancelled pursuant to La. R.S. 9:2945.[1] Atocha Properties did not satisfy the default within forty-five days of the notice, nor did it make the January, 2019 payment. As a result, on January 28, 2019, ASC and Atocha Properties signed a mutual cancellation of the bond for deed. However, the cancellation agreement granted Atocha Properties an additional three days to pay the past due amount. If the payment was not timely made by 1:00 p.m. on January 31, 2019, and another agreement could not be reached, then the mutual cancellation would be recorded and Atocha Properties agreed to vacate the premises.

On February 1, 2019, after the expiration of the extension, ASC recorded the mutual cancellation. On February 25, 2019, ASC also sent notices to vacate to Mario Gonzalez, the sole owner of Atocha Properties and the occupants for 2236

---

[1] La. R.S. 9:2945 states in relevant part:

A. If the buyer under a bond for deed contract shall fail to make the payments in accordance with its terms and conditions, the seller, at his option, may have the bond for deed cancelled by proper registry in the conveyance records, provided he has first caused the escrow agent to serve notice upon the buyer, by registered or certified mail, return receipt requested, at his last known address, that unless payment is made as provided in the bond for deed within forty-five days from the mailing date of the notice, the bond for deed shall be cancelled.

St. Charles Avenue, and 1549A and B Philip Street. On the same day, ASC sent notices to vacate to Mr. Weick and Mr. Smorodonikov, who occupied the two remaining units located at 1555 and 1553 Philip Street, pursuant to a lease with Atocha Properties.

In March and April of 2019, ASC filed five separate petitions for eviction[2] against the occupants of the five units in First City Court of the City of New Orleans.[3] Defendants filed their exceptions, answer, affirmative defenses and reconventional demands. The cases were transferred to Civil District Court,[4] where they were consolidated to the lowest numbered case.[5]

Prior to the hearing on the consolidated petitions for eviction, the trial court denied Defendants' exceptions of improper use of a summary proceeding and no cause of action. After an eviction hearing, the trial court took the matter under advisement. On August 5, 2019, the trial court rendered a judgment granting ASC's petition for eviction as to Atocha Properties, ordering it and Mario Gonzalez to vacate the premises within thirty days. However, the trial court denied the petition for eviction as to Defendants, Weick and Smorodnikov. After the trial court denied its motion for new trial, Atocha Properties filed a suspensive appeal on the judgment granting ASC an eviction. Meanwhile, ASC filed a devolutive

---

[2] The five petitions for eviction were allotted the following numbers in First City Court: 19-01869 (2236 St. Charles Avenue), 19-01870 (1549A Philip Street), 19-01873 (1549B Philip Street), 19-02729 (1553 Philip Street), and 10-02730 (1555 Philip Street).
[3] ASC subsequently amended the petition to allege that is the owner of the property.
[4] Upon transfer, the cases were allotted the following Civil District Court numbers: 19-3194 (2336 St. Charles Avenue), 19-3197 (1549A Philip Street), 19-3198 (1549B Philip Street), 19-5938 (1555 Philip Street), and 19-5939 (1553 Philip Street).
[5] Civil District Court case number 19-3194.

appeal on the judgment denying eviction as to Mr. Weick and Mr. Smorodnikov.[6]

This Court consolidated the two appeals.

## STANDARD OF REVIEW

The exception of unauthorized use of summary proceeding is "only designed to test whether an action should proceed in a summary manner rather than by ordinary proceeding." *Hatcher v. Rouse*, 16-0666, p. 4 (La. App. 4 Cir. 2/1/17), 211 So.3d 431, 433 (citation omitted). In an eviction proceeding, an appellate court reviews the factual findings of the trial court under the manifest error standard of review; however, the proper interpretation of a contract is a question of law subject to *de novo* review. *Keyes v. Brown*, 14-0821, p. 6 (La. App. 4 Cir. 1/28/15), 158 So.3d 927, 931. A trial court's judgment of eviction should not be disturbed unless it is clearly wrong or manifestly erroneous. *Nola East, LLC v. Sims*, 18-0623, p. 4 (La. App. 4 Cir. 2/13/19), 265 So.3d 1147, 1150 (citation omitted).[7]

## DISCUSSION

In this consolidated appeal, Atocha Properties argues that the trial court erred in denying its exception of the unauthorized use of summary proceeding and granting eviction in favor of ASC. In contrast, ASC challenges the trial court's

---

[6] In addition, ASC answered Atocha Properties' suspensive appeal challenging the trial court's judgment in denying their request for eviction as to Weick and Smorodnikov.

[7] The Louisiana Supreme Court has a two-part test for the reversal of a factfinder's determinations:

> 1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
> 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880, 882 (La. 1993)

4

judgment insofar as it denied its petitions for eviction against Mr. Weick and Mr. Smorodnikov.

## ATOCHA PROPERTIES

First, Atocha Properties challenges two trial court judgments. It asserts that the trial court erred in both denying its exception of the unauthorized use of a summary proceeding and in granting ASC's petition for eviction. It argues that due to the bond for deed, ownership of the premises was disputed. Therefore, it concludes that the trial court erred in granting a summary eviction. We disagree.

Louisiana's statutory scheme for eviction, La. C.C.P. art. 4701, *et seq.*, "was designed to give landowners the right to oust occupants without the burdensome expense and delay required by a petitory action." *Robinson Ventures, L.L.C. v. Dowl*, 04-2149, p. 3 (La. App. 4 Cir. 4/20/05), 901 So.2d 587, 589 (citations omitted). "Eviction is a proper remedy for use by an owner of immovable property who wishes to evict the occupant after the purpose of the occupancy has ceased." *Dowl v. Arias*, 06-0874, p. 2 (La. App. 4 Cir. 2/14/07), 953 So.2d 81, 82 (citation omitted); *see also* La. C.C.P. art. 4702.[8]

A bond for deed is "a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer." La. R.S. 9:2941. When a buyer defaults on a bond for deed contract by failing to pay the installments as they come due and the non-payment continues for 45 days after

---

[8] La. C.C.P. art. 4702:

> When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant.

> This notice shall allow the occupant five days from its delivery to vacate the premises.

notice of default, the seller may cancel the contract as provided in La. R.S. 9:2945. *Regua v. Saucier*, 13-0832, pp. 3-4 (La. App. 4 Cir. 11/20/13), 129 So.3d 798, 800. "Upon statutory notice of default, the purchaser is not entitled to maintain possession." *Branch v. Young*, 13-686, p. 12 (La. App. 5 Cir. 2/26/14), 136 So.3d 343, 352, (quoting *Montz v. Theard*, 01-768, p. 9 (La. App. 1 Cir. 2/27/02), 818 So.2d 181, 187). "Although the bond for deed statute does not describe the procedural vehicle whereby the seller is to regain possession in the event of the purchasers default, the jurisprudence has indicated an eviction proceeding is appropriate." *Id*. (citation omitted); *see also Atocha St. Charles, LLC v. Terpsichore Properties, LLC*, 19-CA-776, 2020 WL 1718845, at *6 (La. App. 4 Cir. 4/8/20); and *Bennett v. Hughes*, 03-1727, p. 6 (La. App. 4 Cir. 5/26/04), 876 So.2d 862, 866 (Purchaser was not entitled to title until conditions of bond for deed were met. Since the conditions were not met, the issue was one of occupancy not ownership; therefore, rule for possession was appropriate.)

In the instant case, ASC is attempting to regain possession of its property due to Atocha Properties' alleged default on the bond for deed. In ruling on the exception, the trial court specifically noted that the petition for eviction was not a petitory action and that there were no disputes concerning ownership of the property. Accordingly, it found that the petitions for eviction were properly adjudicated by summary proceeding. Given the foregoing, the trial court did not err in denying Atocha Properties' exception of unauthorized use of a summary proceeding.

Next, Atocha Properties argues that since it demonstrated an ownership interest in the property, the eviction should have been denied. The petitioner in an eviction proceeding has the burden of making a *prima facie* showing of title to the

property, proving that the defendant is an occupant as defined in La. C.C.P. art. 4704,[9] and showing that the purpose of the occupancy has ceased. *Dowl*, 06-0874, p. 3, 953 So.2d at 82-83.

At the eviction hearing, ASC established that it was entitled to a summary eviction. It admitted the Act of Sale, Bond for Deed, Notice of Default, the Mutual Cancellation,[10] and the Notice to Vacate. Mr. Craig Lehnhardt, an agent for ASC who was involved in the negotiation of these transactions, gave testimony corroborating the documentary evidence. He also testified that Atocha Properties was represented by counsel during the negotiation.

Atocha Properties failed to present rebuttal evidence that it had title to the property, or otherwise satisfied its default within the time limits allowed by the statute. Mr. Gonzalez testified that he understood a bond for deed is not a sale or transfer of property and that transfer of ownership occurs upon full payment.[11] In addition, he acknowledged that he never had ownership of the property. He confirmed that he signed the Act of Sale, Bond for Deed, and Mutual Cancellation, on behalf of Atocha Properties. He further confirmed that Atocha Properties failed to make the payment due on December 1, 2018, or any payment thereafter. While Mr. Gonzalez testified he felt "tricked" into signing the Mutual Cancellation to obtain a three-day extension, at the time the cancellation was signed, ASC was

---

[9] La. C.C.P. art. 4704 defines "occupant" as "a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner."

[10] Included in this documentation was the proof of recordation in the conveyance records, and U.S. Postal Service return receipts.

[11] Atocha Properties admitted exhibits reflecting its intent to purchase the property; however, this is insufficient to establish title.

already statutorily entitled to cancel the bond for deed pursuant to La. R.S. 9:2945.[12]

Given the foregoing record, the evidence and testimony was sufficient to establish that ASC had title to the property, that Atocha Properties was an occupant, and that the purpose of the occupancy had ceased when it defaulted and the bond for deed was cancelled. *See Bennett*, 03-1727, p. 13, 876 So.2d at 870. Since Atocha Properties failed to rebut ASC's case, the trial court did not commit manifest error in granting ASC's petition for eviction.

## ASC

Turning to ASC's appeal, ASC challenges the trial court's judgment insofar as it denied its petitions for eviction against Mr. Weick and Mr. Smorodnikov on the basis that ASC tacitly ratified their lease with Atocha Properties.[13] Given that the trial court clearly erred in finding a tacit ratification of the lease, we reverse the judgment denying ASC's petition for eviction against Mr. Weick and Smorodnikov.

"Ratification is a declaration whereby a person gives his consent to an obligation incurred on his behalf by another without authority." La. C.C. art. 1843. Tacit ratification occurs "when a person, with knowledge of an obligation incurred on his behalf by another, accepts the benefit of that obligation." *Id.* "Knowledge" of an obligation is necessary for ratification to occur. *Id.*; *see also Portie v. Flavin (Realty) Inc.*, 09-436, p. 6 (La. App. 3 Cir. 11/4/09), 22 So.3d 1143, 1147.

---

[12] The trial court noted that the issue of whether the cancellation was signed under duress was reserved for trial on the merits of Atocha Properties' reconventional demand.
[13] Despite ASC's claims to the contrary, ratification was sufficiently pled as an affirmative defense in the answer.

Expounding on the knowledge requirement, "the jurisprudence states that [r]atification which is not expressed in writing will not be presumed. The party seeking to enforce the contract must prove that the other party ratified the agreement *with full knowledge of all the facts*." *Portie*, 09-436, p. 6, 22 So.3d at 1147 (internal quotation marks and citations omitted) (emphasis in original). Ratification occurs when the facts "indicate a clear and absolute intent to ratify the act, and no intent will be inferred when the alleged ratification can be explained otherwise." *Quilio & Assocs. v. Plaquemines Par. Gov't*, 05-0803, p. 10 (La. App. 4 Cir. 5/10/06), 931 So.2d 1129, 1136.

It is undisputed that the Mr. Weick and Smorodnikov's lease with Atocha Properties was not recorded until after eviction proceedings were initiated. At the eviction hearing, Mr. Lehnhardt testified that ASC did not have a lease with Mr. Weick or Mr. Smorodnikov. He further acknowledged receiving a February rental payment by two tenants after Mr. Gonzales informed him they were still in the building. He explained that he attempted to collect additional rents from the tenants but they refused stating that their agreement was with Mr. Gonzalez. ASC further admitted into evidence the notices to vacate sent to Mr. Weick and Mr. Smorodnikov on February 25, 2019. The notices reflect that "the nature of your occupancy pursuant to the unwritten month-to-month lease agreement has ceased."

In addition, Mr. Weick testified that he had a three-year, written lease between himself, Mr. Smorodnikov, and Atocha Properties for 1553 and 1555 St. Philip Street.[14] He stated that the rent was $1,200.00 per month for both units. He also stated that he always paid rent to Atocha Properties, LLC, but he understood that for one month his check made payable to Atocha Properties was forwarded to

---

[14] The lease was not submitted into evidence.

ASC.[15]  He admitted that despite receiving ASC's notice to vacate the property, he was still occupying the unit.  Corroborating Mr. Weick's testimony, Mr. Gonazalez testified he has collected all of the rent from the tenants since September 2018, except for one month when the check was forwarded to ASC.

In its written reasons denying ASC's petition for eviction, the trial court found that ASC knew that Atocha Properties had a lease obligation; the payment ASC received in February, 2019 was a rental payment from the tenants; and ASC accepted that rental payment.  The trial court further found that "[a]lthough it is undisputed that the Lease between Defendants and Atocha Properties was not recorded, Atocha Properties tacitly ratified the lease" when it knowingly accepted the rental payments.

The trial court's factual findings are not supported by the record.  In particular, there is no evidence from the trial record to suggest that ASC had any knowledge of a written, three-year lease between Atocha Properties, Mr. Weick and Mr. Smorodnikov, much less "full knowledge" of any of the specific terms and conditions.  To the contrary, the undisputed evidence reflects that ASC only had knowledge that there were tenants in the building who had an agreement with Atocha Properties, presumably under an unwritten, month-to-month lease as reflected in the notice to vacate.

Notably, the regular or continued acceptance of rent may establish a ratification of a lease contract.  *See Rowan v. Town of Arnaudville,* 02-0882, p. 7 (La. App. 3 Cir. 12/11/02), 832 So.2d 1185, 1190-91 (where the Third Circuit found that the former landowner's acceptance of rent payments for six years ratified an invalid lease binding the new landowner, who purchased the property

---

[15] The check was not submitted into evidence.

10

subject to the lease); *see also Means v. Comcast, Inc.*, 44,504, p. 6 (La. App. 2 Cir. 8/19/09), 17 So.3d 1012, 1015 (wherein the Second Circuit found the third party owner's knowing acceptance of several years' rent and other lease benefits of the lease amounted to a tacit ratification). However, in this case, regular rent payments were made to Atocha Properties, not ASC. ASC accepted two tenants' checks in the month of February, which were written to Atocha Properties, and forwarded to ASC. This isolated acceptance of a payment, without more, is not a tacit ratification of a lease.

In summary, the record is devoid of any evidence that supports the conclusion that ASC ratified the lease with clear intent and full knowledge of all of the facts. *See Portie* and *Quilio*, *supra*. As a result, the trial court clearly erred in finding that ASC tacitly ratified the written lease.

In addition, ASC has established it is entitled to a summary eviction. It has title to the property; Mr. Weick and Smorodnikov are occupants; and the purpose for occupancy, pursuant to any unrecorded agreement with Atocha Properties, ceased when the bond for deed was cancelled. Accordingly, the trial court's judgment, insofar as it denied ASC's petition for eviction against Mr. Weick and Smorodnikov, was manifestly erroneous; therefore, it is reversed.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed, in part, as to granting the eviction of Atocha Properties, and reversed, in part, as to denying the evictions of Mr. Weick and Mr. Smorodnikov.

**AFFIRMED, IN PART; REVERSED, IN PART**