CARTER, Judge.
Appellant Drexel H. Cooper appeals the trial court’s sustaining of an exception of prescription filed by Allstate Insurance Company, appellee.
Bertha Batiste and Joseph Jerry Batiste, plaintiffs, on March 6, 1981, filed suit against Drexel Cooper, defendant-appellant and his insurer, Hartford Accident and Indemnity Company, for personal injuries and property damages sustained in a two-vehicular intersectional accident which occurred on July 17, 1980. Allstate Insurance Company, property damage insurer of the Ba-tistes’, filed a petition of intervention on July 31, 1981 to protect its subrogated rights. On August 17, 1981, Drexel Cooper and Hartford Accident and Indemnity Company filed an answer to the petition of intervention, and in the same pleading Drexel Cooper asserted as “intervenor” a reconventional demand against Allstate. Allstate subsequently filed an exception of prescription to the intervention and recon-ventional demand and on October 2, 1981, the trial court sustained the exception of prescription dismissing the intervention and reconventional demand of Cooper.
The sole issue on this appeal is whether the reconventional demand asserted by “intervention” of appellee Cooper against appellant Allstate is barred by prescription.
For purposes of clarity, the chronology is succinctly set forth as follows:
July 17, 1980 — Date of accident March 6,1981 — Batistes’ suit against Cooper
July 31, 1981 — Allstate intervention August 17, 1981 — Cooper and Hartford answered intervention and Cooper through intervention asserted recon-ventional demand against Allstate.
October 2, 1981 — Exception of prescription filed by Allstate as to reconven-tional demand asserted by intervention of Cooper is sustained.
La. Code Civ.P. art. 1031 provides:
“A demand incidental to the principal demand may be instituted against an adverse party or against a third person.
Incidental demands are reconvention, intervention, and the demand against third parties.”
La. Code Civ.P. art. 1067 provides:
“An incidental demand is not barred by prescription or peremption, if it was not barred at the time the main demand was *439 filed and is filed within ninety days of date of service of main demand or in the case of third party defendant within ninety days from service of process of the third demand.”
Appellant contends that since an intervention is somewhat a unique procedural device, it should be considered a main demand. In support of this, appellant argues that an intervention remains viable if pleaded prior to a plaintiff’s own dismissal of the principal action; in certain instances even a dismissal of the principal action may not necessarily result in a dismissal of the intervention; and, an intervention can be tried separately and decided independently of the principal action. He further contends that the claim for property damages is a separate claim, and should be considered a main demand and not an incidental demand as it is labeled in La. Code Civ.P. art. 1031. Appellant contends that if Allstate’s intervention was timely, the appellant had ninety days to file a reconven-tional demand “or intervention” to assert any claim which Cooper might have had against Allstate, citing La. Code Civ.P. art. 1067.
Regardless of the uniqueness of the intervention as a procedural device, it is clearly an incidental demand and not a main demand. La. Code Civ.P. art. 1031, supra. Since interventions and reconven-tional demands are incidental demands and not main demands, La. Code Civ.P. art. 1067 provides the applicable law.
La. Code Civ.P. art. 1067 provides that an incidental demand is not barred by prescription or peremption if two requisites are present.
(1) That the incidental demand was not barred at the time the main demand was filed, and
(2) The incidental demand is filed within ninety days of service of the main demand, or in a third party action within ninety days of service of the third party demand.
The main demand in this proceeding was filed by Batiste on March 6, 1981. Allstate intervened on July 31, 1981. Cooper and Hartford answered the intervention and Cooper reconvened against Allstate on August 17, 1981. Therefore, applying the law as set out in La. Code Civ.P. art. 1067 to the instant case, it is clear that the first requirement is met; namely, that the incidental demand (intervention and reconvention) was not barred at the time the main demand was filed (accident July 17, 1980, and main demand filed March 6, 1981). However, the second.requisite of Art. 1067 is clearly absent; namely, that the incidental demand (intervention and reconventional demand) was not filed within ninety days of service of the main demand. Since the accident occurred on July 17, 1980, appellant’s intervention and reeonventional demand did not fall within the requirements of Art. 1067, more than one year had elapsed from the date of the loss, and the action had prescribed.
In essence, appellant seeks to have this court amend La. Code Civ.P. art. 1067 to read as follows:
An incidental demand is not barred by prescription or peremption if it was not barred at the time the main demand was filed and is filed within ninety days of date of service of such main demand or in the case of a third party defendant within ninety days from service of process on third party demand. “Or in the ease of an intervention or reeonventional demand within ninety days of service of process of the intervention or reeonventional demand.” (Emphasis added)
This we cannot do and such an amendment is the sole prerogative of the Louisiana legislature.
Appellant’s claim that Allstate is a new party to this litigation (having intervened on July 31,1981) is not supported by the jurisprudence or statutory law.
Allstate had paid the Batistes’ for the physical damage to their automobile and Allstate was subrogated “of right” to the Batistes’ identical claim for physical damage set forth in the original petition and main demand. Allstate’s intervention is nothing more than an assertion of the sub- *440 rogated rights it received by paying for the physical damages sustained. La. Civil Code art. 2161 provides in part as follows:
“Subrogation takes place of right:
(3) For the benefit of him who being bound with others, or for others for the payment of the debt had an interest in discharging it . .. . ”
In Volume Shoe Corp. v. Armato, 341 So.2d 611 (La.App. 2nd Cir. 1977) the courts held that the hazard insurer for Volume Shoe, by paying for damages to Volume Shoe’s subsidiary, was legally subrogated to the rights of the subsidiary upon payment to it of the. insurance proceeds by virtue of the provisions of La. Civil Code art. 2161.
In oral argument, appellant submitted that the recent case of Washington, et al. v. Goldate, et al., 411 So.2d 1224 (La.App.) of the Fourth Circuit Court of Appeal supports his position. We have carefully examined this well reasoned opinion of our brethren of the Fourth Circuit and we are in agreement with same. However, it does not support appellant’s position.
In Washington, supra, two issues were presented, namely the right of a person asserting a property damage claim to intervene in a personal injury suit, and, whether the claim of the intervenor asserting property damages had prescribed. The court upheld the right of the intervenor to assert his property damage claim in the personal injury suit, and further held that his claim had not prescribed. Basically, the interve-nor’s claim was asserted within ninety days after service of the main demand on one defendant, but after ninety days had elapsed since service of the main demand on the remaining defendants. The court held that an intervention filed within ninety days of service of the main demand on any of the defendants, including the last to be served, is proper.
In the instant case, the intervention and reconventional demand .was not served within ninety days of service of the main demand on any defendant, was filed more than one year after the loss occurred, and was therefore prescribed.
For the above and foregoing reasons, the judgment of the trial court sustaining the exception of prescription is affirmed at appellant’s costs.
AFFIRMED.