GOTHARD, Judge.
This is a redhibitory action arising from the sale of a home. The vendor appeals.
*988 Henry Klein appeals from the Judgment of the 24th Judicial District Court rescinding the sale of his home for the purchase price of $525,000 with a rental credit to him of $2500 per month from date of sale to repurchase, and ordering him to pay attorney fees of $5000 and other costs to Mr. and Mrs. J. Elliot Prieur because of redhibi-tory defect, particularly susceptibility of the bottom floor of the house to flood during heavy rains.
Appellant contends that the trial judge erred (1) in reducing the rental credit from $5000 to $2500 per month for inconvenience and (2) in awarding attorney fees and (3) in refusing to reopen the case for newly discovered evidence.
We affirm the judgment of the district court.
Mr. and Mrs. Prieur purchased 403 Vincent Avenue in Metairie, Louisiana from Henry Klein on September 3, 1982. The house is located in one of the most expensive neighborhoods in the greater metropolitan area of New Orleans, Louisiana. Shortly after moving in, the Prieurs noticed dampness and wetness on the floor tiles of the downstairs den. Several weeks later, during a heavy rain, approximately two inches of water seeped into the den from under the French doors and through the tile border under the French windows and, from the steps, doing damage to newly laid carpets and wallpaper. This same situation occurred a number of times over the course of the next three years with water intruding into the den, children’s bedroom, bathroom, hallway, and a utility closet. There was also flooding during heavy rains of the Prieurs’ backyard and the intersection in front of their house.
The Prieurs installed a sump pump in an unsuccessful attempt to rectify the problem. They then filed suit against Mr. Klein for reduction of the purchase price. Mr. Klein reconvened for rescission of the sale.
Testimony of the Prieurs’ consulting engineer Donald Makofsky, carpenter Merlin Batt, and meteorologist John Lawson Gag-net, Jr. of Nash Roberts Consultants, strongly support the judgment. Mr. Ma-kofsky said that the elevation of the slab of the house at the lowest elevation is six inches above the curb or crown of the street, rather than eighteen inches as required by the Jefferson Parish Building Code. This results in susceptibility of the bottom floor of the house to flood, whenever there is rainfall accumulation of at least six inches of surface water. Furthermore, the area is very likely to get six inches of surface water in heavy rains due to the area’s inadequate drainage system and the convergence of underground drainage pipes at the intersection adjacent to the house. Mr. Makofsky opined that the only way to relieve the flooding of the home would be to raise the slab approximately twelve inches which would require raising the house. This evidence in conjunction with the records provided by meteorologist Gagnet show that rainfall heavy enough to flood the Prieur home occurs approximately four times per year.
The trial judge, in his written reasons for reducing the rental credit from $5000 per month to $2500 per month, stated that:
Defendant is to be credited with rental of $2,500.00 per month from September 3, 1982 to date of resale ordered herein. Defendant produced some evidence to show that rental values in this neighborhood for comparable homes range from $3,000.00 to $7,000.00 per month. Taking a middle figure of $5,000.00 as being reasonable, and considering the problems encountered by plaintiffs, the sum of $2,500.00 per month is awarded.
In reasons denying a motion for new trial to raise the rental credit the trial court reiterated:
The Court has considered that the plaintiffs lived with the constant fear of flooding during the entire occupancy of the premises. The $2500.00 per month award was an attempt by the Court to average the evidence regarding rental value with the problems of the “tenancy”.
The trial judge properly considered the inconvenience and aggravation incurred by the Prieurs because of the susceptibility of *989 the house to flooding when assigning a rental credit. See, Gitschlag v. U.S. Home Corp., 506 So.2d 1236 (La.App. 1st Cir.1987) writs denied 512 So.2d 1175. (Credit for vendee's use of home overridden by great inconvenience incurred because of redhibitory defect); Weaver v. Fleetwood Homes of Mississippi, Inc., 327 So.2d 172 (La.App. 3rd Cir.1976). (Credit of $60 per month for the purchaser’s use of a mobile home, a reduced rental value due to the unpleasant living conditions caused by the defect.) We cannot say that the amount awarded is unreasonable or an abuse of the trial court's discretion.
Attorney fees can be awarded in successful redhibition actions. LSA-C.C. art. 2545. Here, Mr. Klein did not reveal to Mr. and Mrs. Prieur that the intersection adjacent to the house would flood two to three times per year or that water intruded into the house at those times, admissions which were wrested from him during his trial testimony.
The failure to declare that the property was floodprone was the concealment of a known redhibitory defect. Cox v. Moore, 367 So.2d 424 (La.App. 2nd Cir.1979) writs denied 369 So.2d 1364. Accordingly, we find the trial court’s award of $5000 attorney fees to plaintiffs was warranted.
The newly discovered evidence included Mr. Klein’s affidavit in which he indicated that there was now a lesser proclivity of the intersection adjacent to the house to flooding than there was previously. Even if there has been improvement of the drainage system in this area since trial (which appellee denies), this evidence would not change the result of the trial. The trial court did not abuse its discretion by refusing to receive this evidence after the trial. Louisiana Code of Civil Procedure Article 1972 providing for the granting of new trial on the ground of newly discovered evidence ostensibly applies to evidence which existed at the time of trial, but which was discovered after its conclusion. Scott v. Terrebonne Lumber Co., 479 So.2d 410 (La.App. 1st Cir.1985) writs denied 485 So. 2d 61; Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3rd Cir.1976).[1]
For the foregoing reasons, we find no merit in appellant’s contentions. Appellant is to bear costs of this appeal.
AFFIRMED.

. See Prieur v. Lambert, 508 So.2d 863 (La.App. 5th Cir.1987) for prior appeal of this case dismissed as premature for lack of formal decree on new trial motion.