ROBERT M. MURPHY, Judge.
| ^Defendant, William S. Marciante, Jr., appeals the judgment granted in favor of his former wife, Anna Faye Caminita Mar-ciante, after a new trial was held on the issues of child support arrearages and contempt, as well as the judgment granting Ms. Marciante’s motion for new trial. Mr. Marciante argues that the trial court erred in considering evidence of his unrelated post-judgment arrest for the purpose of determining Mr. Marciante’s credibility in this action. For the reasons that follow, we reverse the judgment granting Ms. Marciante’s motion for new trial, vacate the judgment rendered after the new trial and reinstate the original judgment of October 26, 2011.
FACTS AND PROCEDURAL HISTORY
On March 28, 2008, Anna Faye Caminita Marciante filed a petition for divorce against William S. Marciante, Jr. On June 17, 2009, Mr. and Mrs. Marciante entered into a consent judgment regarding the custody arrangement and child support obligation for their minor child. Pursuant to the consent judgment, Mr. Marciante agreed to pay Ms. Marciante the sum of $500 per month in child support payments for their son.
|3On April 3, 2008, Mr. and Ms. Marci-ante signed a “Voluntary Act of Partition of Community Property” regarding the settlement and partition of their community property regime. Because Mr. and Ms. Marciante were still married to each other at the time of signing their community property settlement, they sought and received court approval of the settlement agreement on the same date that their consent judgment regarding child custody and support was made a judgment of the court, June 17, 2009. Under the parties’ community property settlement, Ms. Mar-ciante received the former family home. By judgment rendered on August 81, 2009, Ms. Marciante was granted a divorce from Mr. Marciante.
Approximately two years later, Ms. Marciante filed a Rule for Contempt alleging that Mr. Marciante had failed to make any child support payments pursuant to the June 17, 2009 consent judgment. Ms. Marciante also requested an increase in Mr. Marciante’s child support obligation. On September 14, 2011, Mr. Marciante responded by filing a Motion to Reduce his Child Support Obligation because his current wife had recently lost her job and because his salary had decreased. Within the same motion, Mr. Marciante also requested a modification of the parties’ community property settlement to reflect the true intention of the parties. Specifically, Mr. Marciante claimed that the parties intended for Mr. Marciante to receive a credit for child support payments equal to the amount of profit that Ms. Marciante received from the sale of their former community residence. This agreement was not reflected in the provisions of the parties’ original community property settlement.
The matter first came before the court for hearing on September 19, 2011. At the hearing, Mr. Marciante testified that he did not make any child support payments because he and Ms. Marciante entered into an oral agreement wherein he would not pay any child support for their son “[d]ue to the fact that [Ms. |4Marciante] would retain the house and upon sale of the house, [Ms. Marciante] would get all profits from the house.” Mr. Marciante testified that in addition to this offset of his child support obligation, the parties agreed *389 that Ms. Marciante would be allowed to keep a four thousand dollar ($4,000) life insurance policy to be put towards their child’s expenses; to claim their child as a dependent on her tax returns; and that Mr. Marciante would not seek spousal support from Ms. Marciante. Mr. Marciante stated that the parties confected this oral agreement after signing the consent judgment at Ms. Marciante’s attorney’s office in 2008.
When asked why he signed the consent judgment if it did not reflect the parties’ actual agreement regarding child support, Mr. Marciante explained that he signed the judgment because his ex-wife’s lawyer advised that a judge would not sign their divorce settlement without the inclusion of a provision for child support. He testified that he never moved the court to modify the consent judgment to reflect the parties’ oral agreement because Ms. Marci-ante had not altered the terms of their oral agreement prior to the filing of her Rule for Contempt. Ms. Marciante testified that no such oral agreement existed between she and her ex-husband.
In its reasons for judgment, the trial court stated that it found Mr. Marciante to be a credible witness and held that Mr. Marciante had proven the existence of an oral agreement between the parties in accordance with his testimony. Therefore, the court denied Ms. Marciante’s motion for child support arrearages in a judgment dated, October 26, 2011.
On November 2, 2011, Mr. Marciante was arrested for unrelated charges of malfeasance, injury to public records, forgery and payroll fraud. On November 7, 2011, Ms. Marciante filed a motion for a new trial. In her motion, Ms. Marciante alleged that Mr. Marciante’s arrest negatively impacted his credibility as it related to the court’s October 26, 2011 judgment, such that a new trial should be granted Lunder La. C.C.P. article 1972(2), based on newly discovered evidence, and under La. G.C.P. article 1978, based on a showing of good grounds for a new trial. A hearing was held on the motion for new trial on December 5, 2011, wherein Mr. Marciante argued that he is entitled to a presumption of innocence until proven guilty and requested, in the alternative, that the court defer setting any new trial until after his pending criminal case has concluded. At the hearing, the trial court granted Ms. Marciante’s motion for a new trial as to the issues of child support arrearages and contempt.
The new trial was held on April 23, 2012. During the trial, the court took judicial notice of Mr. Marciante’s pending criminal case, specifically noting that Mr. Marciante had been arrested, but had not yet been formally charged. On April 26, 2012, the trial court rendered a judgment in favor of Ms. Marciante and against Mr. Marciante, finding Mr. Marciante liable for past-due child support in the amount of $20,500. In its reasons for judgment, the trial court emphasized that credibility was a main issue in determining the issue of child support arrearages in its October 26, 2011 judgment. Accordingly, the court concluded that the underlying allegations of Mr. Marciante’s criminal charges “strikes at his believability,” and found that Mr. Mar-ciante’s testimony regarding the alleged oral agreement between he and his ex-wife cannot be deemed credible. This appeal followed.
DISCUSSION
In his sole assignment of error, Mr. Marciante argues that the trial court erred by considering evidence of his post-judgment arrest in granting Ms. Marciante’s motion for new trial on December 5, 2011, and therefore, the April 26, 2012 judgment rendered after the new trial cannot stand. *390 Mr. Marciante argues that Louisiana Code of Evidence article 609(F) precludes the court from ^considering evidence of his post-judgment arrest for the purpose of attacking his credibility.
In response, Ms. Marciante argues that the judgment granting the motion for new trial cannot be reviewed on appeal because Mr. Marciante failed to take an “appeal” from that judgment within the appropriate time period. We note that a party cannot file an immediate appeal from a judgment granting a new trial and must seek review by supervisory writ, in order to obtain immediate review of that judgment. While we agree that Mr. Mar-ciante did not file a writ application from the trial court’s December 5, 2011 judgment granting the new trial, his failure to do so does not waive his right to appellate review of that judgment. Rather, “[wjhen an appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings in addition to review of the final judgment.” E. Solutions, Inc. v. Al-Fouzan, 12-464 (La.App. 3 Cir. 11/7/12); 103 So.3d 1190, 1192, writ denied, 12-2623 (La.1/25/13); 105 So.3d 721. Because Mr. Marciante filed a timely appeal from the final judgment rendered on April 26, 2012, he is entitled to appellate review of the judgment granting Ms. Marciante’s motion for new trial.
We will now address the trial court’s grant of Ms. Marciante’s motion for new trial. The appellate standard of review of the ruling on a motion for new trial is whether the trial court abused its discretion. Woodlands Dev., L.L.C. v. Regions Bank, 11-263 (La.App. 5 Cir. 12/28/11); 83 So.3d 147, 153. Under article 1972(2) of the Louisiana Code of Civil Procedure, a party is entitled to a new trial if the party has discovered, since the trial, evidence that he could not have obtained before trial. La. C.C.P. art.l972(2). Newly discovered evidence under article 1972(2) applies to “evidence which existed at the time of trial, but which was discovered after its conclusion.” Prieur v. Lambert, 534 So.2d 987, 989 (La.App. 175 Cir.1988), writ denied 536 So.2d 1242 (La.1989). As a result, a new trial cannot be granted under article 1972(2) based upon evidence of post-trial changes or activities, “even if those activities contradict trial evidence.” Labruzzo v. Employers Ins. Of Wausau, 521 So.2d 515, 524, writ denied 523 So.2d 1342 (La. 1988).
Louisiana courts have consistently held that a new trial cannot be granted based upon alleged newly discovered evidence, where such evidence did not exist at the time of trial. In Prieur v. Lambert, this Court affirmed the trial court’s refusal to grant the defendant’s motion for new trial based upon alleged newly discovered evidence that did not exist at the time of trial. 534 So.2d at 989. The plaintiff-purchasers filed a redhibition action against the defendant-seller due to flooding in their home. The defendant filed a motion for new trial, alleging that because the incidence of flooding was lessened since the trial due to an improvement in the drainage system, a new trial should be granted based upon this evidence. Because La. C.C.P. article 1972(2) only provides for the grant of a new trial where the newly discovered evidence existed at the time of trial, but was not discovered until after trial, this Court held that the trial court did not abuse its discretion in refusing to grant a new trial. Id.
Similarly, in Hansel v. Holyfield, 00-0062 (La.App. 4 Cir. 12/27/00); 779 So.2d 939, unit denied 01-0276 (La.4/12/01); 789 So.2d 591, the Fourth Circuit affirmed the trial court’s refusal to grant the defendant’s motion for new trial, seeking reevaluation of stock and stock options due to a decrease in stock value that occurred *391 after the parties’ divorce trial. Because the decreased stock value was a later development that did not exist at the time of trial, the court determined that it did not qualify as new evidence under La. C.C.P. article 1972(2). Id. at 944.
IsHere, the trial was held on September 19, 2011. The trial court took the matter under advisement and rendered a judgment in favor of Mr. Marciante on the issues of child support arrearages and contempt on October 26, 2011. On November 2, 2011, Mr. Marciante was arrested. Ms. Marciante subsequently filed a motion for new trial under articles 1972(2) and 1973 of the Louisiana Code of Civil Procedure, seeking re-evaluation of Mr. Marciante’s credibility based upon his post-trial arrest.
Because Mr. Marciante’s arrest did not exist or occur at the time of the trial, we find that it does not qualify as new evidence under La. C.C.P. article 1972(2), and therefore, it cannot be used as a basis for granting a new trial. During the hearing on the motion for a new trial, the trial court stated that Mr. Marciante’s arrest cast doubt on his credibility and on the court’s October 26, 2011 judgment. However, a new trial cannot be granted based upon post-trial developments, even if those developments contradict trial evidence. Therefore, we find that the trial court abused its discretion in granting a new trial under La. C.C.P. article 1972(2) based upon evidence of Mr. Marciante’s post-trial arrest.
Additionally, we find that the trial court’s grant of Ms. Marciante’s motion for new trial under La. C.C.P. article 1973 was also an abuse of the court’s discretion. Article 1973 provides that “[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.” La. C.C.P. art.1973. Under article 609(F) of the Louisiana Code of Evidence, “[e]vidence of the arrest, indictment or prosecution of a witness is not admissible for the purpose of attacking his credibility.” Because evidence of Mr. Marciante’s arrest is not admissible for the purpose of attacking his credibility, this evidence does not constitute “good grounds” for granting a new trial, even if Mr. Marciante’s arrest had occurred prior to the trial. Therefore, we find that the trial court abused its | ¡[discretion by using this evidence as a basis for granting the motion for new trial under La. C.C.P. article 1973.
Accordingly, we reverse the trial court’s judgment granting Ms. Marciante’s motion for new trial. Because we have determined that the trial court erred in granting the motion for a new trial, we must vacate the April 26, 2012 judgment rendered pursuant to the new trial, and reinstate the trial court’s original judgment rendered on October 26, 2011.

Appellee’s Request for Sanctions

Ms. Marciante seeks sanctions against Mr. Marciante under La. C.C.P. art. 863. After considering the arguments of counsel, Ms. Marciante’s request for sanctions is denied.
CONCLUSION
Accordingly, for the reasons stated herein, the December 5, 2011 judgment granting Ms. Marciante’s motion for new trial is reversed, and thus, the April 26, 2012 judgment rendered after the new trial is vacated, and the October 26, 2011 judgment is reinstated. Ms. Marciante’s request for sanctions is denied.

REVERSED