MARC E. JOHNSON, Judge.
|2In this appeal, Plaintiff, Gillis Branch, seeks review of several trial court rulings including the denial of a motion to vacate judgment, dismissal of a petition of intervention, and granting of a motion for eviction. For the reasons that follow, we affirm in part and reverse in part.

FACTS & PROCEDURAL HISTORY

On February 22, 2008, Ms. Branch filed a “Petition for Declaratory judgment, for Accounting and for Specific Performance of Contract” against Defendant, Joseph Young, Jr., seeking enforcement of a 1990 contract and a declaration that a subsequent 2003 bond for deed contract was *347 invalid. Ms. Branch alleged that she and her now-deceased husband, Eddie Branch, entered into an installment contract to purchase property at 823 31st Street in Kenner for $44,000 with Defendant on August 15,1990. She claimed that under the terms of the contract, title to the property was to be transferred to her and her husband after | sthey paid $10,000 of the purchase price. Ms. Branch contended she and her husband had paid $11,000 on the contract by 1998.
Ms. Branch further alleged that unbeknownst to her, Defendant and Mr. Branch entered into a bond for deed contract on July 17, 2003, regarding the same property but at a higher purchase price of $66,000. She claimed that from August 2003 through March 2005, she and her husband made $9,555 in payments towards the property.
Ms. Branch also alleged that Defendant issued a notice of default in December 2007. She claimed she thereafter demanded transfer of the title under the terms of the 1990 contract, but Defendant refused and stated that he was canceling the contract.
In her petition, Ms. Branch sought: (1) an accounting of all moneys paid by her and her husband on both contracts; (2) an order transferring the title to her under the terms of the 1990 contract; (3) an order declaring the 2003 contract invalid and applying all moneys paid under that contract to any remaining balance on the 1990 contract; and, (4) an order declaring Defendant’s cancellation of the 1990 contract to be without effect.
Defendant answered the petition and filed exceptions of no right of action and nonjoinder of an indispensable party, claiming that Ms. Branch did not have the right to represent the interest of the deceased Mr. Branch and that the unopened succession of Mr. Branch was an indispensable party. After a hearing, the trial court sustained the exceptions. In its judgment dated September 28, 2010, the trial court ordered Ms. Branch to amend her original petition to include the Succession of Eddie Branch within 30 days or the case would be dismissed with prejudice.
Thereafter, on November 3, 2010, Defendant filed a motion to dismiss Plaintiffs petition on the basis Plaintiff failed to join the succession of Mr. Branch |4within the time delay ordered by the court. Without a hearing, the trial court signed an Order of Dismissal the same day, dismissing Plaintiffs suit with prejudice for failure to amend the petition. Notice of this judgment was never issued.
On January 13, 2011, Plaintiff, as admin-istratrix of the Estate of Mr. Branch, filed a petition of intervention, asserting the same allegations contained in and seeking the same relief requested in Plaintiffs original petition on behalf of Mr. Branch’s estate. On the same day, Plaintiff also filed a motion to vacate the November 3, 2010 judgment of dismissal, claiming that she did not get notice of the dismissal and that the Succession of Mr. Branch had now asserted a claim.
In response, Defendant filed a motion to dismiss the intervention, motion to dismiss Plaintiffs motion to vacate judgment, and a motion for eviction. Defendant claimed the petition of intervention was not timely or properly filed and that it was never properly served within the 90-day time period. He also maintained the judgment Plaintiff sought to vacate was a final judgment and, thus, could not be vacated. Defendant further asserted that he had previously served a notice to vacate upon Ms. Branch and sought a judgment of eviction to remove her from the premises at 823 31st St.
*348 Defendant’s motions were heard on December 17, 2012, but neither Plaintiff nor Plaintiffs counsel were present. After determining that every effort had been made to serve Plaintiff with notice of the hearing, the trial court allowed the hearing to proceed. At the conclusion of the hearing, the trial court stated, “[i]f [Defendant will] submit a judgment, the Court will grant that judgment.” However, the record is devoid of any judgment relating to the December 17, 2012 hearing. Nonetheless, three days later, Plaintiff filed a motion to vacate the trial court’s December 17, 2012 judgment and requested a new trial on those matters. | sThe trial court set a new hearing date on the original motions, effectively granting the motion for new trial.
Thereafter, Ms. Branch filed several exceptions to Defendant’s motion for eviction, including an exception of unauthorized use of summary proceeding and nonjoinder of indispensable parties. Ms. Branch asserted that this case did not involve a landlord/tenant relationship and, thus, a summary eviction proceeding was improper. Rather, Ms. Branch claimed the proper procedural vehicle to decide the claim of possession was a foreclosure proceeding. She also alleged the children and heirs of Mr. Branch, or his succession, were indispensable parties to any eviction proceeding.
A hearing on Ms. Branch’s exceptions and Defendant’s original motions was held on January 14, 2013. At the conclusion of the hearing during which no evidence was introduced, the trial court took the matters under advisement. The next day, the trial court rendered judgment, denying Ms. Branch’s exceptions to Defendant’s motion to dismiss intervention and motion for eviction and granting Defendant’s motion to dismiss intervention, motion to dismiss Ms. Branch’s motion to vacate the judgment (which effectively denied Ms. Branch’s motion to vacate), and motion for eviction. Ms. Branch appeals these rulings.

DISCUSSION

Motion to Vacate

Ms. Branch contends the trial court erred in dismissing her motion to vacate the November 3, 2010 judgment of dismissal, which dismissed her case for failure to join an indispensable party within the specified time delay. She specifically argues the September 2010 judgment ordering her to add Mr. Branch’s succession as a party was unenforceable because the succession was a non-existent party and, thus, could not be added as a party-plaintiff. As such, Ms. Branch asserts the _yudgment of dismissal was improperly granted and her motion to vacate should have been granted.
Defendant asserts that Ms. Branch cannot challenge the September 2010 judgment because it is a final judgment, of which she received notice and from which she did not timely appeal. He maintains Ms. Branch is limited to a review of the January 15, 2013 judgment, which simply denied her motion to vacate the judgment of dismissal. Defendant further contends the November 2010 judgment of dismissal, which is a final judgment, is likewise not reviewable in this appeal because Ms. Branch did not timely appeal it.
A judgment that determines the merits of the action, in whole or in part, is a final judgment. A judgment that does not determine the merits but rather only determines preliminary matters in the course of the action is an interlocutory judgment. La. C.C.P. art. 1841. An appeal may be taken from a final judgment or from an interlocutory judgment when provided by law. La. C.C.P. art. 2083.
*349 The September 2010 judgment sustaining the peremptory exception of failure to join an indispensable party and allowing Plaintiff time to amend her petition to cure the grounds for the exception does not determine the merits of the case, but rather only determines preliminary matters in the course of the action. Therefore, it was an interlocutory judgment, not a final appealable judgment. See Updegraff v. Parish of St. Bernard, 433 So.2d 863, 865 (La.App. 4th Cir.1983), where the court held that the maintenance of a peremptory exception of failure to join an indispensable party where the plaintiff was permitted to amend his petition was not a final judgment, but rather was a non-appealable interlocutory judgment. Interlocutory judgments may be reviewed either by timely application for supervisory writs or by appeal after final judgment in the matter. In re Succession of Spitzfaden, 12-895 (La.App. 5 Cir. 2/21/13); 113 So.3d 1103, 1104.
|7The November 2010 judgment of dismissal was a final judgment that dismissed the litigation. Thus, it was a final appeal-able judgment. The time delays for taking an appeal, whether devolutive or suspen-sive, begin to run from the expiration of the delay for applying for a new trial, if no application has been timely filed, or the mailing of notice of the denial of a new trial. La. C.C.P. arts. 2087 and 2123. The delay for applying for a new trial is seven days, exclusive of legal holidays, from the day after the notice of judgment has been mailed as required by La. C.C.P. art. 1913. La. C.C.P. art. 1974.
In this case, the trial court rendered the judgment of dismissal ex parte on November 3, 2010.[1] There is nothing in the record that shows notice of the November 2010 judgment of dismissal was ever mailed in compliance with La. C.C.P. art. 1913. Thus, the seven-day delay for applying for a new trial and the delays for filing an appeal never commenced. See Ancona v. Lathan, 506 So.2d 222, 224 (La.App. 5th Cir.1987). Accordingly, we find the November 2010 judgment of dismissal is properly reviewable.
When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to review of the final judgment. See Marciante v. Marciante, 12-569 (La.App. 5 Cir. 3/27/13); 113 So.3d 387, 390 (the failure to file a writ application seeking review of an interlocutory judgment does not waive a party’s right to appellate review of that judgment upon appeal of a final judgment in the case). As 18such, we find the September 2010 judgment sustaining the exception of nonjoinder of an indispensable party is also properly before us for review.
In order to determine whether the judgment of dismissal was proper, we must first determine whether the September 2010 judgment finding the succession to be *350 an indispensable party and ordering Plaintiff to amend her petition to add the succession was proper.
Louisiana Code of Civil Procedure Article 641, which governs “Joinder of parties needed for just adjudication,”[2] provides:
 A person shall be joined as a party in the action when either:
(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
A person should be deemed needed for just adjudication only when absolutely necessary to protect substantial rights. Industrial Companies, Inc. v. Durbin, 02-665 (La.1/28/03); 837 So.2d 1207, 1217. Courts are to determine whether a party should be joined by a factual analysis of all the interests involved. Gibbs v. Magnolia Living Center, Inc., 38,184 (La.App. 2 Cir. 4/7/04); 870 So.2d 1111, 1116, writ denied, 04-1148 (La.7/2/04); 877 So.2d 146.
Ms. Branch brought the instant action as a declaratory judgment. “When declaratory relief is sought, all persons shall be made parties who have or claim |aany interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.” La. C.C.P. art. 1880.
In her petition, Ms. Branch sought a determination of the validity of two separate contracts to which Mr. Branch was a party, as well as specific performance on the 1990 contract. Clearly, Mr. Branch’s succession has an interest in the subject matter and any adjudication of the action regarding the contracts at issue in his absence would impair his ability to protect that interest. Thus, the trial court properly found the succession was needed for just adjudication.
When the nonjoinder of a party needed for just adjudication may be cured or removed by an amendment of the petition, La. C.C.P. art. 934 mandates that the court order such amendment within a delay to be fixed by the court before dismissing the action. If the plaintiff fails to comply with the order to amend, the action “shall be dismissed.” La. C.C.P. art. 934.
In this case, the trial court allowed Ms. Branch 30 days to amend her petition to add the succession. She failed to do so. Therefore, the trial court properly dismissed her claim.
Ms. Branch argues that the trial court erred in ordering her to add the succession when it did not exist. To the contrary, succession occurs at the death of a person. La. C.C. art. 934. Although the record does not indicate the date Mr. Branch died, Ms. Branch alleged in her petition that Mr. Branch was deceased. Thus, Mr. Branch’s succession existed at the time the trial court ordered it be joined as a party-plaintiff.
A succession representative is the proper party to assert a right of the succession while the succession is under administration. Horrell v. Horrell, 99-1093 *351 (La.App. 1 Cir. 10/6/00); 808 So.2d 363, 371, writ denied, 01-2546 (La.12/7/01); 803 So.2d 971. Prior to the qualification of a succession representative, only a universal successor may represent the rights of the decedent. La. C.C. art. 935. It does not appear Mr. Branch’s succession was under administration at the time of the September 2010 judgment. As such, Ms. Branch had the option of asserting the succession’s right through a universal successor or opening the succession and having a succession representative appointed, but she did neither.

Intervention

Ms. Branch next argues the trial court erred in dismissing the petition of intervention filed on behalf of the succession on the basis it was improperly served.[3] She further maintains she was simply following the orders of the court through filing the petition of intervention and adding the succession as a party.
A person having an interest may intervene in a pending action to enforce a right related to the object of the pending action. La. C.C.P. art. 1091. An intervention is an incidental demand and not a main demand. La. C.C.P. art. 1031; Batiste v. Cooper, 417 So.2d 437, 439 (La.App. 1st Cir.1982). Thus, an intervention can only be filed while the suit between the original parties is pending. If the suit has terminated, no intervention therein is possible. See General Motors Acceptance Corp. v. Jordan, 65 So.2d 627, 629 (La.App. 1st Cir.1953).
In this case, the principal action was dismissed two months prior to the filing of the petition of intervention. Therefore, there was no pending action in which Mr. Branch’s succession could have intervened.[4] Accordingly, we find the trial court properly dismissed the petition of intervention.
| uEviction
Ms. Branch’s final arguments relate to the judgment of eviction. She first argues the eviction is barred by res judicata. Next, she claims the eviction was an unauthorized use of summary proceedings because this case did not involve a landlord-tenant relationship but rather an owner-purchaser relationship under a bond for deed. Ms. Branch contends the proper procedure for Defendant to establish his right to possess the property is through foreclosure, which is an ordinary proceeding.
The doctrine of res judicata bars a subsequent action when there is a final judgment involving the same parties and the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation and arose out of the transaction or occurrence that was the subject matter of the first litigation. La. R.S. 13:4231; Bovie v. St. John the Baptist Parish, Dept. of Streets and Roads, 13-162 (La.App. 5 Cir. 9/4/13); 125 So.3d 1158. The party who urges an exception of res judicata bears the burden of proving its essential elements by a preponderance of the evidence. Id.
Ms. Branch asserts that Defendant previously sought to evict her in a proceeding brought before the Justice of the Peace in 2011. She contends she appealed to First Parish Court, which she argues reversed *352 the ruling of the Justice of the Peace on the basis Defendant failed to join an indispensable party, namely Mr. Branch’s heirs.
Although Ms. Branch argued the doctrine of res judicata in the trial court, she failed to offer any evidence to support her position. Neither the record from First Parish Court nor the resulting judgment was introduced into evidence. It was incumbent upon Ms. Branch, as the party urging the exception of res judicata, to introduce into evidence the suit record involving the alleged prior eviction 112proceeding and the prior judgment. See Delaney v. McCoy, 46,103 (La.App. 2 Cir. 4/13/11); 63 So.3d 327, 329. By failing to introduce the requisite documentary evidence, Ms. Branch failed to meet her burden of proof and failed to prove the current eviction proceeding was barred by res judicata.
Ms. Branch next argues a summary eviction proceeding is not proper in a case involving a default on a bond for deed contract.
Louisiana’s statutory scheme for eviction, La. C.C.P. art. 4701, et seq., was designed to give landowners the right to oust occupants without the burdensome expense and delay required by a petitory action. Robinson Ventures, L.L.C. v. Dowl, 04-2149 (La.App. 4 Cir. 4/20/05); 901 So.2d 587, 589, writ denied, 05-1747 (La.1/27/06); 922 So.2d 548. Eviction is a proper remedy for use by an owner of immovable property, who wishes to evict the occupant after the purpose of the occupancy has ceased. La. C.C.P. art. 4702; PTS Physical Therapy Service, Inc. v. Magnolia Rehabilitation Service, Inc., 40,-558 (La.App. 2 Cir. 1/27/06); 920 So.2d 997, 999.
A bond for deed is “a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.” La. R.S. 9:2941. When a buyer defaults on a bond for deed contract by failing to pay the installments as they come due and the non-payment continues for 45 days after notice of default, the seller may cancel the contact as provided in La. R.S. 9:2945. Upon statutory notice of default, the purchaser is not entitled to maintain possession. Montz v. Theard, 01-768 (La.App. 1 Cir. 2/27/02); 818 So.2d 181, 187. Although the bond for deed statute does not describe the procedural vehicle whereby the seller is to regain possession in the event of the purchaser’s default, |1sthe jurisprudence has indicated an eviction proceeding is appropriate.[5] Montz, supra; Brown v. Weldon, 199 So. 620, 623 (La.App. 1st Cir.1941).
The petitioner in an eviction proceeding has the burden of making a prima facie showing of title to the property, prove that the defendant is an occupant as defined in La. C.C.P. art. 4704, and show that the purpose of the occupancy has ceased. Moody Investment Corp. v. Occupants of 901 East 70th St., 43,396 (La.App. 2 Cir. 8/13/08); 990 So.2d 119, 122.
At the hearing on the motion for eviction, Defendant did not call any witnesses or introduce any evidence into the record, but rather counsel simply stated his client’s position that Ms. Branch had been in default of the contract since 2005. Ad *353 ditionally, there is nothing in the record to indicate that the trial court took judicial notice of the contract at issue or any other facts or documents.[6] Although there are two documents, a notice of default and a notice to vacate, attached to Defendant’s motion for eviction, these documents were not offered into evidence and thus, cannot be considered. Bovie, 125 So.3d at 1161.
Without any evidence, Defendant failed to make a prima facie case that he was the owner of the property, notice of default had been served on Ms. Branch, or the purpose of occupancy by Ms. Branch had been terminated. Accordingly, we find the trial court erred in granting eviction in favor of Defendant.

DECREE

For the foregoing reasons, we affirm the November 3, 2010 judgment of dismissal and that portion of the January 15, 2013 judgment dismissing Ms. Branch’s motion to vacate the 2010 judgment of dismissal. We also affirm that | ^portion of the January 15, 2013 judgment dismissing the petition of intervention. We reverse that portion of the January 15, 2013 judgment granting Mr. Young’s motion for eviction. Each party is to bear their own costs.

AFFIRMED IN PART; REVERSED IN PART.

. Under La. C.C.P. art. 963, a court may grant an ex parte order without hearing the adverse party when "the order applied for by written motion is one to which mover is clearly entitled without supporting proof ...” The trial court ordered Ms. Branch to amend her petition to include the indispensable party within 30 days "or the case be DISMISSED with prejudice.” Ms. Branch had until October 28, 2010 to file her amended petition, but failed to do so. Under La. C.C.P. art. 934, "if a plaintiff fails to comply with the order to amend, the action shall be dismissed.” The record shows Ms. Branch did not timely amend her petition prior to the time Defendant filed the motion to dismiss, thus Defendant was entitled to dismissal and no supporting proof was necessary. Accordingly, the trial court had authority to grant the motion to dismiss without a hearing. See Batson v. Cherokee Beach and Campgrounds, Inc., 470 So.2d 478, 479 (La.App. 1st Cir.1985).

. The 1995 amendments to La. C.C.P. art. 641 removed the terms "necessary and indispensable parties” and inserted the concept of "joinder of parties needed for just adjudication.” Fewell v. City of Monroe, 43,281 (La.App. 2 Cir. 6/11/08); 987 So.2d 323, 325, writ denied, 08-2172 (La.11/14/08); 996 So.2d 1093.

. The grounds upon which the trial court dismissed the petition of intervention are unknown as they are neither stated in the judgment of dismissal nor in the transcript of the hearing on the matter.

. This is not a situation where the dismissal of the principal action has no effect on the incidental demand under La. C.C.P. art. 1039 because the instant intervention was not filed prior to the dismissal of the principal action.

. We note that an eviction proceeding does not necessarily preclude the parties from pursuing other remedies relating to the title of the property, return of money paid on the purchase price, and allowance for fair rental value on the property during the period of the purchaser’s occupancy. See Moody, 990 So.2d at 123; Montz, 818 So.2d at 192.

. We note that the contract at issue is not even a part of the appellate record.