| ATOCHA ST. CHARLES, LLC | * | NO. 2019-CA-0776 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| TERPSICHORE PROPERTIES, | * | |
| LLC AND/OR CURRENT | | FOURTH CIRCUIT |
| OCCUPANTS | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-02417, DIVISION "I-14"
Honorable Piper D. Griffin, Judge
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Tiffany G. Chase)

Marcus L. Giusti
Steven M. Hannan
HANNAN, GIUSTI & HANNAN, L.L.P.
2201 Ridgelake Drive, Suite 200
Metairie, LA 70001

Thomas M. Flanagan
Camille E. Gauthier
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 2405
New Orleans, LA 70170

      COUNSEL FOR PLAINTIFF/APPELLEE

Albert A. Thibodeaux
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLANT

           MOTION TO DISMISS APPEAL GRANTED,
           SUSPENSIVE APPEAL DISMISSED,
      AND APPEAL MAINTAINED AS DEVOLUTIVE;
               JUDGMENT AFFIRMED
                 APRIL 08, 2020

TGC
EAL
DLD

Terpsichore Properties, LLC (hereinafter "Terpsichore"), appeals from the trial court's judgment denying its exception of unauthorized use of summary proceeding and granting the petition for eviction filed by plaintiff, Atocha St. Charles, LLC (hereinafter "Atocha"). After consideration of the record before this Court and the applicable law, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On August 6, 2018, Atocha purchased property located at 1600 St. Charles Avenue in New Orleans (hereinafter "the property") from M.A. Gonzalez Properties, LLC for $1,809,500.00  This sale was executed by authentic act and filed in the conveyance records (hereinafter the "Act of Sale"). On the same day, Atocha and Terpsichore executed a bond for deed contract (hereinafter the "Bond for Deed") wherein Terpsichore was required to make twenty-four payments of $19,095.00 each month commencing on October 1, 2018. The principal balance and remaining interest would be made in a final "balloon payment" that would be due on September 1, 2020. The impetus of these transactions was a July 9, 2018 loan agreement (hereinafter the "Term Sheet") between Mario Gonzalez (hereinafter "Mr. Gonzalez") and Loan Partners, LLC, wherein Mr. Gonzalez, as

1

the principal of both M.A. Gonzalez Properties, LLC and Terpsichore, agreed to secure the loan by entering into the Act of Sale and Bond for Deed. Mr. Gonzalez signed the aforementioned agreements on behalf of his juridical entities. Craig Lehnhardt (hereinafter "Mr. Lehnhardt") signed on behalf of Atocha and Loan Partners, LLC.

The first and second payments on the Bond for Deed, for the months of October and November 2018, were paid late, and only after Atocha sent a notice of default. Terpsichore made no additional payments thereafter. On December 13, 2018, Atocha mailed another default notice by registered mail (hereinafter the "Notice of Default"). More than forty-five days passed from the mailing of the Notice of Default and still Terpsichore did not make the required payments due under the Bond for Deed.

On January 28, 2019, Atocha and Terpsichore executed a mutual cancellation of the Bond for Deed by authentic act (hereinafter the "Mutual Cancellation"). The Mutual Cancellation provided Terpsichore a three-day window in which to cure its default. In the event it failed to vacate, Terpsichore would be required to vacate the property by February 14, 2019 unless the parties agreed to a lease or other possessory agreement. Terpsichore made no payments to cure the default, and the parties did not reach another agreement as to occupancy. Accordingly, Atocha filed the Mutual Cancellation into the conveyance records. Terpsichore did not vacate the property.

Atocha filed a petition for eviction on March 4, 2019. Terpsichore filed an answer, several exceptions, and a reconventional demand asserting, among other

things, that it had an interest in title in the property.[1]  The trial court heard oral argument on April 26, 2019.  After taking the matter under advisement, the trial court issued a written judgment and reasons for judgment on May 31, 2019 wherein it denied Terpsichore's exception of unauthorized use of summary proceeding and granted Atocha's petition for eviction.

Terpsichore filed a motion for a suspensive appeal which was granted by the trial court.  The appeal bond was set at $20,000.[2]  In this Court, Atocha filed a motion to dismiss Terpsichore's suspensive appeal for irregularities alleging that, pursuant to La. C.C.P. art. 4735; Terpsichore failed to answer Atocha's petition for eviction under oath, Terpsichore failed to apply for its suspensive appeal within twenty-four hours after the rendition of the trial court's judgment; and that the amount of the bond required by the trial court was inadequate to protect Atocha's interests.

## MOTION TO DISMISS

Before addressing the merits of the appeal, we first address Atocha's motion to dismiss.  Louisiana Code of Civil Procedure article 4735 states:

> An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.

---

[1] The trial court granted an exception of no cause of action filed by Terpsichore.  Atocha subsequently filed an amended petition on March 25, 2019.  Terpsichore filed an amended answer, exceptions, and reconventional demand on April 23, 2019.

[2] Atocha objected to this amount, however, the trial court denied Atocha's request to increase the appeal bond.

3

The $20,000 appeal bond covered only one monthly payment due by Terpsichore under the terms of the Bond for Deed, thus we find the appeal bond was insufficient to protect Atocha against all such damages it may sustain as a result of the appeal.[3] *See Lakewind East Apartments v. Poree'*, 629 So.2d 422, 423-24 (La.App. 4 Cir. 1993) (requiring an appellant to post monthly rental amounts as they become due is a reasonable solution that protects the interests of both parties). We therefore grant the motion to dismiss the suspensive appeal. However, pursuant to La. C.C.P. art. 2087, the appeal is maintained as devolutive.[4] *See 1205 St. Charles Condominium Assoc. Inc. v. Abel*, 2018-0566, p. 15 (La.App. 4 Cir. 12/19/18), 262 So.3d 919, 928 (citing *Freemin v. Coglaiti*, 411 So.2d 471, 472 (La.App. 1 Cir. 1981)).

## STANDARD OF REVIEW

The exception of unauthorized use of summary proceeding is only designed to test whether an action should proceed in a summary manner rather than by ordinary proceeding. *Hatcher v. Rouse*, 2016-0666, p. 4 (La.App. 4 Cir. 2/1/17), 211 So.3d 431, 433. In an eviction proceeding, an appellate court reviews the

---

[3] Atocha argues that Terpsichore did not file its appeal within the time required under La. C.C.P. art. 4735, however, as the trial court took the matter under advisement, strict compliance with the statute by Terpsichore would be implausible. *See Versailles Arms Apartments v. Granderson*, 377 So.2d 1359, 1361-62 (La.App. 4 Cir. 1979). Similarly, although Mr. Gonzalez, acting as principal for Terpsichore, did not sign the verification on the amended answer, he did sign the verification on the original answer which contained the defenses that are the subject of this appeal. We pretermit determination of whether this distinction is relevant.

[4] While we recognize that the appeal order was granted prematurely because the trial court had not ruled on a simultaneously filed motion for new trial; the trial court's subsequent denial of the motion for new trial cured the jurisdictional defect of prematurity. *See State v. Magee*, 2018-0355, pp. 6-7 (La.App. 4 Cir. 9/4/19), 282 So.3d 271, 276. "[O]nce a previously existing defect has been cured, there is no useful purpose in dismissing an otherwise valid appeal." *Id.*, p. 7 (citing *Overmier v. Traylor*, 475 So. 2d 1094, 1094-95 (La. 1985)).

factual findings of the trial court under the manifest error standard of review; however, the proper interpretation of a contract is a question of law subject to *de novo* review. *Keyes v. Brown*, 2014-0821, p. 6 (La.App. 4 Cir. 1/28/15), 158 So.3d 927, 931. A trial court's judgment of eviction should not be disturbed unless it is clearly wrong or manifestly erroneous. *Nola East, LLC v. Sims*, 2018-0623, p. 4 (La.App. 4 Cir. 2/13/19), 265 So.3d 1147, 1150.

## DISCUSSION

Terpsichore avers that the trial court erred in denying its exception of unauthorized use of summary proceeding and granting Atocha's petition for eviction. As the petitioner in this summary eviction proceeding, Atocha is required to make a prima facie showing of title to the property; prove that Terpsichore is an occupant as defined in La. C.C.P. art. 4704;[5] and show that the purpose of the occupancy has ceased. *See Durden v. Durden*, 2014-1154, p. 23 (La.App. 4 Cir. 4/29/15), 165 So.3d 1131, 1147 (citation omitted). We examine these requirements in the context of a bond for deed contract.

A bond for deed is "a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer."[6] La. R.S.

---

[5] The definition of an occupant includes "any person occupying immovable property by permission or accommodation of the owner." La. C.C.P. art. 4704.

[6] Although additional protections have been afforded to bond for deed contracts versus other contracts to sell, these protections do not rise to the level of an interest in title. *See* 24 LA. CIV. L. TREATISE, SALES § 4:24. In *Levine v. First Nat. Bank of Commerce*, 2006-0394, p. 9 (La. 12/15/06), 948 So.2d 1051, 1058-59, while our Supreme Court noted a bond for deed conveyed "rights in the subject property," these rights were based on the right to demand specific performance of a contract to sell under La. C.C. art. 2623.

5

9:2941. The Bond for Deed clearly states it is not a sale "but only a written contract to sell immovable property." It further provides that "[Atocha], after receiving payment of a stipulated sum, agrees to deliver title to [Terpsichore] provided all terms, conditions, payments and obligations set forth herein are fully, completely, and timely satisfied by [Terpsichore]." Under the foregoing contractual and statutory language, title to the property does not transfer until all installment payments are satisfied. *See Bennett v. Hughes*, 2003-1727, p. 6 (La.App. 4 Cir. 5/26/04), 876 So.2d 862, 866. When Terpsichore defaulted due to its failure to make timely payments, Atocha had the contractual and statutory right to have the Bond for Deed cancelled given proper statutory notice.[7] *See Regua v. Saucier*, 2013-0832, pp. 3-4 (La.App. 4 Cir. 11/20/13), 129 So.3d 798, 800 (citing La. R.S. 9:2945). An eviction proceeding is the appropriate procedural vehicle whereby the seller regains possession in the event of the purchaser's default on a bond for deed contract. *Branch v. Young*, 2013-0686, pp. 12-13 (La.App. 5 Cir. 2/26/14), 136 So.3d 343, 352; *see also Keyes*, 2014-0821, p. 13, 158 So.3d at 935 ("[r]egardless of how the transaction is characterized, [the owner] had a right to

---

[7] La. R.S. 9:2945(A) provides:

> If the buyer under a bond for deed contract shall fail to make the payments in accordance with its terms and conditions, the seller, at his option, may have the bond for deed cancelled by proper registry in the conveyance records, provided he has first caused the escrow agent to serve notice upon the buyer, by registered or certified mail, return receipt requested, at his last known address, that unless payment is made as provided in the bond for deed within forty-five days from the mailing date of the notice, the bond for deed shall be cancelled.

Similarly, Paragraph (c) of the Buyer's Default section of the Bond for Deed provides for cancellation "by sending a Notice of Default to [Terpsichore] via certified mail, return receipt requested, addressed to [Terpsichore] pursuant to the Notice provision below, stating that this Bond for Deed may be cancelled unless payment in certified funds is received within forty-five (45) days from the mailing of such Notice of Default."

6

regain possession of the property upon the buyer's default") (quoting *Montz v. Theard*, 2001-0768, p. 14 (La.App. 1 Cir. 2/27/02), 818 So.2d 181, 191).

At the April 26, 2019 hearing, Atocha established that it was entitled to summary eviction by submitting into evidence the Term Sheet, Act of Sale, Bond for Deed, Notice of Default, and the Mutual Cancellation.[8]  Mr. Lehnhardt, who was involved in the negotiation of these transactions, gave testimony corroborating the documentary evidence.  He also testified that Terpsichore was represented by counsel during the negotiation.  This evidence and testimony was sufficient to establish that Atocha had title to the property, that Terpsichore was an occupant, and that the purpose of the occupancy had ceased.  *See Bennett*, 2003-1727, p. 13, 876 So.2d at 870.

Terpsichore failed to present evidence that it had title to the property.  *See Dowl v. Arias*, 2006-0874, p. 3 (La.App. 4 Cir. 2/14/07), 953 So.2d 81, 83 ("eviction is proper where the defendant fails to present any evidence of his alleged ownership").  Mr. Gonzalez testified that he signed the Act of Sale, Bond for Deed, and Mutual Cancellation.  He confirmed that Terpsichore failed to make the December 2018 installment payment, or any payment thereafter.  However, Mr. Gonzalez further testified he felt "tricked" into signing the Mutual Cancellation as Atocha represented it would not give Terpsichore an additional three-day window to settle the outstanding installment payments unless Terpsichore agreed to the

---

[8] Included in this documentation was the requisite notice to vacate the property, the proof of recordation in the conveyance records, and U.S. Postal Service return receipts.

terms of the Mutual Cancellation. This evidence does not support Terpsichore's argument that it had title to the property such that summary eviction would be inappropriate.

## CONCLUSION

We find the trial court did not err in granting the eviction. Terpsichore never held title to the property. M.A. Gonzalez Properties, LLC originally owned the property and sold it to Atocha in the Act of Sale. The Bond for Deed was cancelled due to Terpsichore's default, thus Terpsichore did not acquire any ownership interest in the property. *See* La. R.S. 9:2941. Once Atocha followed the notification procedure and observed the requisite delays codified in La. R.S. 9:2945, it had the option of unilaterally cancelling the Bond for Deed.[9] The terms of the Mutual Cancellation made Terpsichore an "occupant" of the property "by permission or accommodation of [Atocha]." La. C.C.P. art. 4704. The purpose of this occupancy ceased when Terpsichore failed to pay the outstanding installment payments due under the Bond for Deed and the parties did not execute any other mutually agreeable lease or possessory act in accordance with the Mutual Cancellation.[10] Thus, we find Terpsichore's assignments of error are without merit.

---

[9] In a unilateral cancellation, a purchaser would become an occupant, and the purpose of the occupancy would cease, by the purchaser's defaulting on the bond for deed contract. *See Branch*, *supra*. Thus, even if the Mutual Cancellation were invalid, the requisite elements for summary eviction would still be satisfied.

[10] The Mutual Cancellation gave Terpsichore two weeks from the January 31, 2019 deadline to vacate the property in the event Terpsichore failed to cure its default under the Bond for Deed. La. C.C.P. art. 4702 requires only five days of notice for an occupant to vacate the premises.

8

## DECREE

For the foregoing reasons, the motion to dismiss the suspensive appeal is granted; however, the appeal is maintained as devolutive.  The judgment of the trial court denying Terpsichore's exception of unauthorized summary proceeding and granting Atocha's petition for eviction is affirmed.


**MOTION TO DISMISS APPEAL GRANTED,**
**SUSPENSIVE APPEAL DISMISSED,**
**AND APPEAL MAINTAINED AS DEVOLUTIVE;**
**JUDGMENT AFFIRMED**